# Davis *v.* Walker & Walker.

*Action of Assumpsit.*

1. *Action by partnership; not necessary to prove its existence in
   absence of sworn plea denying it.*—Where a suit is brought by
   a partnership and there is no verified plea denying the exist-
   ence of the partnership it is not necessary for a recovery that
   the existence of the partnership be proved, (Code, § 1803.)
2. *Action by attorney to recover for professional services; admis-
   sibility of evidence.*—In an action by an attorney to recover
   for professional services rendered in a pending suit, it is com-
   petent for him to testify as to the general nature and pur-
   poses of the suit in which he represented the defendant, and
   as to the particular services he rendered therein.
3. *Same; same.*—In an action by attorneys against a married wo-
   man to recover for professional services rendered, where one
   of the issues in the case is whether or not the services were
   rendered for the defendant under a contract with her, or were
   for her husband under a contract with him, it is not permis-
   sible for the plaintiff to prove that the husband was, at the
   time of making the contract for the rendition of the services,
   insolvent.

4. *Same; charge to the jury.*—In an action by attorneys against a married woman to recover for professional services, where one of the issues of fact on the trial is whether the services were rendered for the defendant under a contract that she would pay for them, or for her husband upon a contract with him, a charge which instructs the jury that the plaintiff could not recover against the defendant for the services rendered by him to her husband under a contract with him alone, asserts a correct proposition and should be given at the request of the defendant.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. C. RICHARDSON.

This action was brought by the appellees against the appellant to recover the amount alleged to be due the plaintiffs from the defendant as attorney's fee. The counts of the complaint are sufficiently stated in the opinion. Issue was joined upon the plea of non-assumpsit and payment.

The plaintiffs introduced in evidence a writing signed by the defendant in which she employed R. H. Walker to look after her rights in a case wherein they were involved by her husband's creditors, and she agreed to pay him a reasonable fee for the services rendered therein. The evidence for the plaintiffs tended to show that at the time of making this contract, J. P. Williams Company had commenced a suit by a bill in equity in the United States Circuit Court for the Middle District of Alabama, against R. M. Davis, the husband of the defendant. Upon R. H. Walker, one of the plaintiffs offering to testify what was the general nature and purpose of the suit, the defendant objected to such testimony, upon the grounds, first, that it was illegal, irrelevant and immaterial; and 2d, that the original bill filed in said suit was the best evidence of the matters proposed to be testified about, and that secondary evidence thereof was inadmissible. The court overruled this motion and the defendant duly excepted. Thereupon the witness R. H. Walker testified to the general nature and purposes of the suit, and also testified to the services he rendered in said suit. The defendant objected to this testimony of the witness and moved to exclude the same upon the ground that it is illegal, irrelevant, and that the best

evidence of the facts testified to were the papers filed in said suit. The court overruled this objection and motion and the defendant separately excepted.

There was evidence introduced on the part of the plaintiffs tending to show the reasonableness of the fee sued for, and that they were employed, not by R. M. Davis, but by M. J. Davis.

During the examination of the witness, R. H. Walker, he was asked if he knew the financial condition of R. M. Davis, the husband of the defendant at the time the litigation was pending in the United States Circuit Court and at the time he was employed by M. J. Davis? To this question the defendant objected on the ground that it called for illegal, irrelevant and immaterial evidence, and had no tendency to show that there was a contract between the plaintiffs and the defendant for the services performed. The court overruled the objection and the defendant duly excepted. Upon the witness answering that during such time R. M. Davis, the husband of the defendant, was insolvent, the defendant moved to exclude this answer, upon the same grounds as were interposed to the question, and duly excepted to the court's overruling the motion.

The defendant introduced evidence tending to show that the contract was made with R. H. Walker by R. M. Davis, who was the original defendant in the suit in the United States Circuit Court, and was not made by the defendant in the present suit. The defendant also introduced evidence tending to show that the services rendered were not worth the amount charged therefor.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence they will find for the defendant." (2.) "The court charges the jury, that if they believe from the evidence that the services rendered by R. H. Walker in and about the case pending in the United States Circuit Court were performed under contract made by him with R. H. Davis, then they can not find for the plaintiff for such services so rendered."

There were verdict and judgment for the plaintiffs, fixing their recovery at $523.34. The defendant appeals, and assigns as error several rulings of the trial court to which exceptions were reserved.

SANDERS & PEARCE, for appellant.—It is respectfully submitted that the proof disclosed a misjoinder of plaintiffs, and that as one of the plaintiffs was not entitled to recover, the suit must fail. For these reasons the general charge should have been given for defendant. *Bell et ux. v. Allen,* 53 Ala. 125; *St. Clair v. Caldwell & Riddle,* 72 Ala. 527; *Giovanni v. First Nat. Bank,* 51 Ala. 176; *McLeod v. McLeod,* 73 Ala. 42.

WALKER and WALKER, *contra.*

McCLELLAN, C. J.—This action is prosecuted by R. H. Walker and F. H. Walker, partners engaged in the practice of law under the firm name of Walker & Walker. The complaint contains three counts, each claiming six hundred and fifty dollars for professional services rendered the defendant, M. J. Davis. The first count sets forth in a general way what services were rendered, and avers that defendant promised to pay a reasonable fee therefor and that the amount claimed is such reasonable fee. The second count claims a like sum as due by account for professional services rendered. And the third count is in the following words: "The plaintiffs claim of the defendant the further sum of six hundred and fifty dollars for services rendered her by R. H. Walker as her attorney in defending the defendant and her rights in a suit brought by the creditors of her husband, J. P. Williams & Company v. R. M. Davis, Mattie J. Davis and A. M. Gore in the United States Circuit Court for the Middle District of Alabama at Montgomery. Plaintiffs aver that the defendant employed R. H. Walker to so represent her as her attorney, promising therefor to pay a reasonable fee for the services rendered. Plaintiffs aver that for the services rendered six hundred and fifty dollars is a reasonable fee, and that R. H. Walker being a partner in plaintiffs' firm the account is their property

and is due and unpaid." Of course the claim thus stated was the property of the partnership and suit thereon was properly brought in behalf of the members of the firm; and, there being no verified plea denying the existence of the partnership, it was not necessary for the fact to be proved.—Code, § 1803. So that the affirmative charge requested by defendant on the theory that to warrant a recovery partnership should be proved in connection with the absence of all evidence on that point, was properly refused.

The court below did not err in allowing the witness Walker to testify as to the general nature and purpose of the suit in which he represented the defendant and as to the particular services he rendered therein, as that it was a bill to foreclose a mortgage on property claimed by this defendant, that a receiver was appointed to take charge of the property pending the suit, that he filed an answer and cross-bill for her, filed interrogatories to her witnesses, and cross-interrogatories to witnesses examined for complainants, prepared affidavits, etc., argued the cause on submission etc., etc. The pleadings, affidavits, depositions etc. filed in that cause were writings collateral to the issue in this, and he might well speak in the general way indicated of these papers without violence to the rule requiring primary evidence when it can be had .

Whether the services rendered by plaintiffs in the cause referred to were rendered for the defendant, Mrs. Davis, and upon her undertaking to requite them, or to her husband, R. M. Davis, also a party to that suit, and upon a contract made with him was one of the issues of fact in the trial below. R. H. Walker was permitted, against defendant's objection, to depose as a witness for the plaintiffs that R. M. Davis was at the time insolvent. This was not competent testimony on any issue in the case. Its only office in the case was to afford a basis for an wholly illegitimate inference on the part of the jury that plaintiff did not contract with R. M. Davis nor render professional services on his responsibility from the fact of his insolvency.

The second charge requested by the defendant should

[Johnson *et al.* v. Wood *et al.*]

have been given. When referred, as it must be, to the evidence it means, and would have been so understood by the jury, that the plaintiffs could not recover against the defendant, Mrs. Davis, for services rendered by them, not to her, upon a contract with her but, to her husband R. M. Davis and under a contract with him alone.

Reversed and remanded.