# Davis v. Walker & Walker.

*Action by Attorneys to recover for Professional Services.*

1. *Implied contract.*—A suit was instituted in the United States court against defendant's husband by one of his creditors, and a receiver was appointed. Defendant employed plain-

[Davis v. Walker & Walker.]

tiff to represent her interests in property claimed by receiver as property of her husband. Subsequent to this employment, defendant was made a party to the suit against her husband. Plaintiff represented her by filing an answer and cross bill, which defendant signed. *Held*: That though plaintiff might not have been authorized under the express contract to represent defendant in the suit against her husband in the United States court, nevertheless the jury were authorized under the pleading and the evidence to find her liable for services under an implied contract.

2. *Implied contract; what not material to issue.*—Where defendant employed plaintiff on an express contract, and after that time, without an express contract, he performed services for defendant in a suit to which defendant had subsequently been made a party, and the plaintiff sues for a reasonable compensation for services rendered, and the issue is whether defendant is liable on an implied contract, it is immaterial to this issue what was the result of the case in which plaintiff represented the defendant, or what services were to be performed under the express contract, or what may have been defendant's purpose in employing plaintiff.

3. *Same; what material to issue.*—Where defendant. employed plaintiff on an express contract, and after that time, without an express contract, he performed services for defendant in a suit to which defendant had subsequently been made a party, and the plaintiff sues for reasonable compensation for services rendered, and the issue is whether defendant is liable on an implied contract, a cross bill and answer prepared by plaintiff and signed by defendant in the suit are admissible to show the nature of the services rendered, and also to show knowledge on the part of defendant of the rendition of the services and her acceptance of them.

4. *Charge to jury; improper.*—In a case where defendant employed plaintiff on an express contract, and after that time, without an express contract, he performed services for the defendant in a suit in the United States court to which de-defendant had subsequently been made a party, and the plaintiff sues for the reasonable compensation for services rendered, and the issue is whether the defendant is liable on an implied contract, it is not error to refuse to give a charge which instructs the jury that the plaintiff cannot recover for services rendered in the United States court; neither is it error to refuse to give the general affirmative charge at the request of the defendant.

5. *Same; misleading.*—In a case where it is shown that a suit was instituted in the United States court against defend-

[Davis v. Walker & Walker.]

ant's husband, and a receiver was appointed; that defendant employed plaintiff to represent her interests in property claimed by receiver as property of her husband; that subsequent to this employment, defendant was made a party to the suit against her husband; that plaintiff represented her in this suit, and sues for reasonable compensation for services, a charge that instructs the jury that if at the time the express contract was made it was not in the contemplation of the parties that plaintiff was to render any other services for the defendant other than concerning the property claimed by the receiver as property of her husband, and that if the defendant did not afterwards employ plaintiff to represent her in the litigation against her husband, the plaintiff can recover only for services rendered concerning the property claimed by the receiver, is calculated to mislead to the conclusion that there must have been an express contract to authorize recovery for services rendered in United States court.

6. *Same; improper.*—In such a case a charge that instructs the jury that if at the time the express contract was made it was not in the contemplation of the parties that plaintiff was to render any services for the defendant other than concerning the property claimed by the receiver as the property of defendant's husband, the plaintiff can recover only a reasonable fee for such services, is improper, because it takes no account of an implied contract, if found to exist.

7. *Same; abstract.*—In such a case, a charge that instructs the jury that the plaintiff cannot recover for any services he may have performed in the case against defendant's husband, unless defendant employed plaintiff to perform such services, and that if such services were performed under a contract with the husband, the plaintiff cannot recover for such services, is abstract, in assuming that plaintiff acted under a contract with the defendant's husband.

8. *Same; misleading.*—In an action to recover for professional services, where defendant, on August 13th, 1898, employed plaintiff on an express contract, and after that time, without an express contract, he performed services for defendant in a suit against her husband, to which suit defendant had subsequently been made a party, a charge which instructs the jury that the burden to prove what services the plaintiff was to perform under the contract made on the 13th of August, 1898, is upon the plaintiff, and although he may have rendered defendant services in the suit against her husband, he cannot recover unless they were rendered under the contract of August 13th, 1898, or under a con-

tract with defendant authorizing such services, is mislead-
ing in that it does not take into account liability on an im-
plied contract for services rendered in the suit against de-
fendant's husband.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

This action was instituted by appellees against ap-
pellant to recover the reasonable value of services ren-
dered by the former as attorneys for the latter. It
was shown by the evidence that suit was instituted in
the United States court for the Middle District of
Alabama against appellant's husband, by one of his
creditors and that a receiver was appointed in said
cause and he demanded certain property described in
charge No. 2 hereinafter set out, which appellant claim-
ed as her own. That R. H. Walker, one of the plaintiffs,
was employed by the defendant to represent her in said
matter on August 13, 1898, that subsequent to such
employment the defendant was made a party to the suit
against her husband in the United States court,
and said Walker represented her—filing for her an
answer and cross-bill which said Walker prepared and
defendant signed. Testimony of the value of services
was offered in evidence by the plaintiffs. R. H. Walker,
a witness for the plaintiffs, when on the stand and tes-
tifying as to the nature of the servces he rendered, was
asked by defendant whether his services were success-
ful. The court sustained an objection to this inquiry,
at the instance of the plaintiff, and over defendant's
exception. The husband of defendant testified that he
employed Walker to defend said suit in the United
States court, and agreed to pay him only in the event
of a successful result. This Walker denied and de-
fendant testified that she never employed nor authorized
any one to employ counsel for her in said suit.

The defendant requested six written charges, which
were refused, and are as follows: (1.) "The court
charges the jury that if they believe the evidence, they
can not find for the plaintiff for services rendered in
the United States court at Montgomery, Alabama."
(2.) "The court charges the jury that if they believe
from the evidence that at the time the letter dated

August 18, 1898, was signed by the defendant, it was not in the contemplation of the parties that Mr. Walker was to render any other services for the defendant other than in and about the household and kitchen furniture, horses, surrey, buggy, safe and piano, and if they should further believe from the evidence that the defendant did not afterwards employ Mr. Walker, or Walker & Walker, to represent her in the litigation pending in the United States court at Montgomery, Alabama, then the plaintiff can recover in this suit only for services rendered in and about the household and kitchen furniture, surrey, buggy, safe, horse and buggy." (3.) "The court charges the jury that if they believe from all the evidence that at the time the letter or order dated August 13, 1898, was signed by the defendant, it was not in contemplation of the parties that Mr. Walker was to render any other services for the defendant other than in and about the household and kitchen furniture, horses, surrey, buggy, safe and piano, then they cannot find for the plaintiff for any sum other than a reasonable fee for such services in and about the same." (4.) "The plaintiff cannot recover for any services they may have performed in the case of the J. P. Williams Company against R. M. Davis, unless the defendant employed the plaintiff to perform such evidence. If such services were performed by the plaintiff under a contract made by him with R. N. Davis then the plaintiff can not recover for such services." (5.) "The burden to prove what services the plaintiff was to perform under the contract made on the 13th day of August, 1898, is upon the plaintiffs, and although the plaintiffs may have performed the services alleged in the case of the J. P. Williams Company, they cannot recover for such services unless the same was rendered under said contract of August 13th, 1898, or under a contract with the defendant by which such services were authorized." (6.) "If the jury believe the vidence, they will find for the defendant"

The defendant separately excepted to the court's refusal to give each of the foregoing charges.

There were verdict and judgment for the plaintiff, and defendant appeals, and assigns as error the several rulings of the trial court to which the defendant excepted.

[Davis v. Walker & Walker.]

W. W. SANDERS and H. A. PEARCE, for appellant.

WALKER & WALKER, contra.

TYSON, J.—The nature of this suit is sufficiently indicated in the opinion in this case on former appeal. *Davis v. Walker*, 125 Ala. 325.

Accepting the theory of the defendant as correct, that Walker was not authorized under the express contract of August 13, 1898, to represent her in the case of The J. P. Williams Company against her and her husband in the United States Court, nevertheless the jury were authorized under the pleading and the evidence to find her liable for the services rendered her by him in that case. With the provisions of the contract of August 13 limited to Walker's employment of arranging with the receiver that certain property was to remain in defendant's possession, this being the theory of the extent and effect of that contract, there was evidence tending to establish her liability upon an implied contract for the services rendered by Walker as attorney for her, after she was made a party defendant in the Williams Company case. It is true that "no person has the right to compel another involuntarily to become his debtor, except in certain excepted cases," yet "if one perform useful services and work for another, of a character that is usually charged for, with the knowledge of that other and he expresses no dissent or if he avail himself of the services, then the law implies a promise to pay for such services what they are reasonably worth. And assent is sometimes implied from silence." *Humes v. Decatur Land Co.*, 98 Ala. 461; *Seals v. Edmondson*, 73 Ala. 295.

So then, adopting defendant's construction of the express contract and the limitation placed upon it by her, under this phase of the case, the issue was whether there was an implied contract on the part of the defendant to pay the reasonable value of the services, there being no dispute of their rendition. To this issue it was utterly immaterial what was the result of the Williams case, or what services were to be perfomed under the contract of August 13, or what may have been

the defendant's purpose in employing Walker.

Nor was there error committed in allowing plaintiffs to introduce in evidence the answer and cross-bill prepared by Walker, signed by defendant and filed in the Williams case. It tended, not only to show the nature of the services rendered, but also knowledge on the part of defendant of the rendition of the services and of her acceptance of them.

The contention that charges 1 and 6 should have been given because of the want of proof of a partnership between the plaintiffs at the time the express contract was entered into or at the date of the rendition of the services in the United Staes Court is fully answered in the opinion on former appeal.—*Davis v. Walker, supra.*

Charges 2 and 5 were calculated to mislead the jury to the conclusion that there must have been an express contract of employment to authorize a recovery for the services rendered in the United States Court.

Charge 3 takes no account of defendant's liability upon an implied contract if found by the jury to have existed.

Charge 4 is abstract in assuming or hypothesizing that Walker made a contract to perform the services for defendant with R. M. Davis, the husband of defendant. It is true that the husband testified that he made such a contract, but it affirmatively and undisputedly appears from the testimony of Mrs. Davis that he was without authority to do so. Nor does the testimony anywhere disclose that she had any knowledge of such contract if made. If made she was not bound by it, and, therefore, Walker was not bound. There was no meeting of the minds. Besides, Walker in his testimony pointedly denied making the contract which the husband claims to have made with him. It was also bad on account of its misleading tendencies. There need have been no express contract of employment, as a recovery may have been had upon proof of knowledge on the part of defendant that Walker was rendering services which are usually charged for and that she expressed no dissent to their rendition.

It is unnecessary to discuss the other phase of the case involving the right of the plaintiffs to recover for

[Cowan *et als.* v. Campbell, for Use, etc.]

services rendered by Walker in the United States Court under the contract of August 13, since adopting the defendant's theory and insistence that it had terminated and did not bind her to pay for the services rendered by Walker in representing her in that suit, a recovery was properly had upon the phase of the case considered by us.

Affirmed.