(107 So. 218)

**DENT et al. v. FOY et al.   (6 Div. 289.)**

(Supreme Court of Alabama.   Dec. 10, 1925. Rehearing Denied Jan. 28, 1926.)

1. **Attorney and client** ⊜═140—**Schedule of minimum fees of bar association not conclusive as to reasonable value of attorney's services.**

In determining whether attorneys' fees allowed in partition suit are reasonable, schedule of minimum fees of bar association is persuasive, but not conclusive, of reasonable value of services.

2. **Executors and administrators** ⊜═216(2)— **Allowance of $3,000 attorneys' fees in partition suit held not excessive.**

Where lands of decedent in partition suit brought at sale $54,500, allowance from common fund of attorneys' fees of $3,000 *held* not excessive.

Anderson, C. J., and Sayre and Miller, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by Levy W. Foy and others against Helen A. Dent and others. From the decree, respondents appeal. Affirmed.

S. H. Dent, Jr., and Rushton, Crenshaw & Rushton, all of Montgomery, for appellants.

Where the facts are disclosed by the record, the appellate court will not be bound by the report of the register thereon, but will exercise its independent judgment. Citizens' Light, etc., Co. v. Central Trust Co., 200 Ala. 18, 75 So. 330.

W. H. Merrill, of Eufaula, and Farmer, Merrill & Farmer, of Dothan, for appellees.

The report of the register has the same weight as the verdict of a jury. Pollard v. American Co., 139 Ala. 183, 35 So. 767; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Citizens' Light, etc., Co. v. Central Trust Co., 200 Ala. 18, 75 So. 330.

BOULDIN, J. This cause involves the allowance of an attorney's fee for complainants' counsel in a suit in equity for the sale of lands for division among joint owners.

It is a companion case submitted and considered in connection with the case of Dent v. Foy (4 Div. 196) 107 So. 210,[2] from Barbour circuit court, in equity. In the decision in that case we have discussed the rules of law, and made reference to the litigation which was in part common to both suits. Further details need not be given here.

The lands involved in this suit brought at

---

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Post p. 251.                    [2] Ante, p. 243.

the sale $54,500. On a reference the register reported a reasonable fee for complainants' attorneys payable from the common fund to be $3,000. This report was confirmed by the court. This finding was well supported by the testimony of leading attorneys of Birmingham.

[1] The schedule of minimum fees of the Birmingham bar association in proceedings of this kind was in evidence. Such schedule, expressive of the consensus of opinion of the legal profession, in view of the conditions under which they practice, is persuasive, but not conclusive, of the reasonable value of such service. Under the Birmingham fee bill, based on a graduated scale of percentages, the minimum fee in the present case, if unlitigated, would be approximately 60 per centum of the amount allowed.

[2] Upon a consideration of the whole record, including the evidence, the finding of the register, the approval of the trial judge, the nature and result of the litigation involved we are not convinced the allowance was excessive.

Affirmed.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., and SAYRE and MILLER, JJ., dissent on the authority of Blount County Bank v. Kay, 209 Ala. 74, 95 So. 297; Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Bidwell v. Johnson, 191 Ala. 195, 67 So. 985.