14 So.2d 505

## BROUGHTON et al. v. NANCE.

### 7 Div. 747.

Supreme Court of Alabama.
June 24, 1943.

Rutherford Lapsley, of Anniston, for appellants.

Merrill, Woolf & Merrill, of Anniston, for appellee.

500

LAWSON, Justice.

This appeal is from a decree of the circuit court of Calhoun County, Alabama, in Equity, allowing an attorney's fee to the solicitor for complainant (appellee) in a partition suit in the exercise of the power conferred on the trial court by Section 63, Title 46, Code of 1940, Sections 6261, 9319, Code of 1923. Appellants do not seem to question the fact that the services of counsel for complainant were for the benefit of the common estate and properly payable out of the funds received from the proceeds of the sale in accordance with the terms of Section 63, Title 46, supra. We understand that appellants seek a reversal of the decree of the court below only upon the question of the excessiveness of the fee allowed complainant's solicitors.

The evidence as to what would constitute a reasonable fee was taken orally before the same judge who heard the partition suit and consisted of the proceedings in the suit itself, the testimony of the attorney who conducted the proceedings on behalf of complainant, the testimony of C. H. Young, Esq., a disinterested attorney of the Calhoun County Bar, and the testimony of Rutherford Lapsley, Esq., attorney for the appellants. It appears that the fee schedule adopted by the Anniston Bar Association (Calhoun County Bar Association) was also taken into consideration by the trial court.

■ The testimony of complainant's attorney and of Mr. Young was to the effect that a fee in the amount allowed by the trial court would be a reasonable allowance in view of the work expended by counsel for complainant, resulting in benefit to the common fund. The fee schedule adopted by the Anniston Bar Association for legal services of this nature, while taking into consideration the fact that the final determination of the amount of the fee is the prerogative of the court, provides for a minimum fee of a certain percentage of the total proceeds of the sale. In the case of Dent v. Foy, 214 Ala. 251, 107 So. 218, it was held that such a schedule of fees, while not conclusive, is persuasive, of the reasonable value of legal service. The testimony of the attorney for complainant and of Mr. Young was in accordance with the said fee schedule of the Anniston Bar Association. Mr. Lapsley, the attorney for appellants (respondents), expressed his opinion as to what would be a reasonable fee to be allowed the solicitors for complainant for the services rendered by them which were for the benefit of the common fund. It is to be noted that there is no wide divergence of view between counsel for appellants and for appellee as to what sum would constitute a reasonable allowance.

■ ■ While the finding of the trial court in matters of this kind is subject to review by this court, much must be left to its sound discretion. Dent v. Foy, 210 Ala. 160, 97 So. 627. The record here presented has been most carefully examined in connection with the evidence offered by the respective parties, and it would serve no good purpose to enter into a detailed discussion thereof. Suffice it to say that under the rule established we are not persuaded the action of the trial court should be here disturbed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.