22 So.2d 336

**KING v. SMITH et al.**

6 Div. 271.

Supreme Court of Alabama.

May 17, 1945.

Jackson, Rives & Pettus, of Birmingham, for appellant.

2

Irvine C. Porter and Smyer & Smyer, all of Birmingham, for appellees Sorsby, Warriner and Sears.

GARDNER, Chief Justice.

The will of Sibley P. King was given construction by this court in Frye v. Community Chest of Birmingham, etc., 241 Ala. 591, 4 So.2d 140. The testator was the owner of much real estate located in different sections of Birmingham, and a considerable amount of land situated in seven counties in the state. There was, under the construction given to the will, a life estate in one of the beneficiaries as to one-third interest. As to the two-thirds interest unaffected by the life estate there were seven beneficiaries, two of whom employed counsel and filed a bill seeking partition in kind, or failing therein a sale of the land for division among the several tenants in common. There were numerous amendments to this bill perfecting descriptions, eliminating certain parcels of real estate and adding others, leaving at the conclusion seventy-six separate parcels for some character of distribution or division among these seven heirs or beneficiaries. One of these defendants was Paul Sorsby, who was represented by attorney Porter. Two other defendants, Idyl Sears and Nathalie King Warriner, were represented by attorney Smyer.

The questions arising in the case were not those of adverse claim among these joint owners. It appears to have been a friendly suit throughout. The only difference evidenced from time to time related to the method of partition or division. All the parties sought an equitable and fair division, and so far as this record discloses no one sought any peculiar advantage over the other. There were many complications and numerous conferences, and a number of titles to be perfected. The final outcome was that property of the value of $57,283 was divided in kind among these adult owners, and $46,870 was sold for division among them. There was accumulated and deposited with the Register $12,856 in rents, constituting a total of $117,010. There were fifty-four parcels of real estate divided and twenty-two sold.

There was a submission and later a re-submission of the cause. Numerous conferences were had by attorneys for complainants and the two attorneys representing the defendants above noted. Attorney Porter seems to have made a trip to Chicago, Illinois, to confer with one of the beneficiaries, and to Jacksonville, Florida, to confer with another; these were not his individual clients, but were interested parties and the effort was to get an agreement so as to adjust the entire matter. Different plans were devised known as Plan A, Plan B and Plan C. Finally the trial Judge wrote these several counsel a letter stating that partition in kind with owelty had been suggested. He frankly stated in this

letter that the lack of evidence showing a careful appraisal of the different properties rendered him unable to make such partition in kind, and it looked as if commissioners to appraise the property and incur other expense, among which would be the determination of validity of the several titles, would be necessary, or else a sale of all the property would have to be ordered. He informed the attorneys that in his opinion a sale would not result in obtaining a fair price. This letter was written with a desire that the matter be handled in a practical way so as to obtain the best results for all persons interested, and the Judge indicated that the parties should be able to work out some character of agreement which would be of mutual benefit to all. This letter written to these several attorneys disclosed that the Judge had a full grasp of the entire situation as to this property, and an earnest desire that it be handled to the best interest of all interested parties.

Attorney Porter made a very full statement of services rendered by him, particularly in regard to the plan of partition of the property, and which finally inured to the benefit of all. In all of this work he conferred with attorney Smyer, as well as with attorneys for complainants. Attorney Smyer, himself, was active in seeking an economical way of handling the question of title abstracts by securing title insurance; also, suggesting that all parties agree that no receiver be appointed as the original bill had prayed, but that all monies be turned into the hands of the Register. This was finally accomplished and unquestionably resulted in much saving to the estate.

The trial Judge in his letter made note in particular to what he termed "the very careful work" of Mr. Porter done with a view of partitioning the property. The letter also disclosed that the court had consulted not only with counsel for complainants but with attorneys Porter and Smyer in regard to the best plan which would inure to the benefit of all. This letter served a very useful purpose for it evidently stimulated the owners of the property to reach an agreement among themselves, and to save the expense which would inevitably follow if the suggestions of the trial Judge were not carried into effect. There was saved not only great expense, but perhaps also much in avoiding sacrifice of the property at what the court termed a forced sale. Finally a decree was

rendered pursuant to agreement of the parties with result above indicated.

A reference under order of the court was held by the Register to ascertain a proper attorneys' fee for counsel for complainants. The Register made his report, which was confirmed, and the fee ordered paid. Defendants represented by attorneys Porter and Smyer each filed separately a petition seeking the allowance of an attorney's fee for their counsel to be paid out of the common fund upon the theory they had rendered services which were beneficial to the entire estate. The court ordered a reference to the Register to ascertain whether or not the services rendered were for the common good, and if so what fee should be allowed. This reference was held and much evidence taken before the Register, a very brief synopsis of which we have outlined above. The Register reported that these attorneys were entitled to a fee out of the common fund in the sum of $1,500 each. To this report some of the parties filed exceptions, which were duly considered by the trial Judge and overruled. The report of the Register was confirmed and the fees were ordered paid.

As to the amount of the fee awarded to each of these attorneys there does not appear to have been any objection. The contested question related to the allowance of any fee at all, this objection being based upon the theory these attorneys were employed by their respective clients to whom alone they must look for compensation. The evidence disclosed that there were no separate agreements as to fees by these attorneys with their clients. They were merely employed by them and very naturally were expected to look after their interest, but the evidence in this record fully sustains the finding of the Register and the decree of the trial Judge that these attorneys did render valuable services which inured to the benefit of all the parties.

From the decree rendered confirming the report of the Register and ordering these attorneys paid out of the common fund defendant Harvey King alone prosecutes this appeal.

The allowance of attorneys' fees to Porter and Smyer comes within the provisions of Title 46, Section 63, Code 1940, if in fact the evidence disclosed that the services were for the common benefit of all, rendered in good faith and upon good cause. The provisions of this statute were fully considered by this court in Bidwell

**4**

v. Johnson, 191 Ala. 195, 67 So. 985, in treating its progenitor, section 3010 of the Code of 1907. There a trust estate, i. e., an estate being administered by an executrix was involved, the executrix being represented by counsel, and some of the beneficiaries likewise represented by counsel who were allowed a fee based upon what this court found was an erroneous conclusion of fact, that is, that the services were for the benefit of all. The court in the Bidwell case, supra, observed that in the administration of the trust incidents may arise in which the distributees or beneficiaries may find it necessary to take the initiative in proceedings for preservation or recovery of a trust fund, but that in any event before the allowance of counsel fees for any such beneficiaries it must be made clearly to appear that the services were rendered in good faith, upon good cause and for the common benefit of all. This construction of the statute rests upon the principle that where there is a common trust or fund, and a suit is instituted by one for the benefit of all it is not just that one alone should bear the burden when others receive the benefit. But the court pointed out in the Bidwell case, supra, that for the allowance of attorneys' fees on petition of a beneficiary of a trust it was not always essential that the beneficiary be the one to institute the suit if in good faith and for good cause he employs counsel to render services which were not for his individual benefit, but for the benefit of all. The principle is alike applicable to such situation though the courts must be careful to find that whatever services were rendered were in fact in good faith and for a good cause, and were for the benefit of all. And indeed the language of this statute above noted is to this effect. The decisions are uniform to the effect that in matters of this character much must necessarily be left to the sound discretion of the trial court. Bidwell v. Johnson, supra; Broughton v. Nance, 244 Ala. 499, 14 So.2d 505.

In the instant case, not only was the trial Judge clearly familiar with the work done by these attorneys, but he referred the matter to the Register who heard much evidence upon the question, both as to the services rendered as related to the common benefit of all, as well as to the amount of the fee. There is a familiar rule of presumption in favor of the report of the Register. Dent v. Foy, 210 Ala. 160, 97 So. 627.

This record has been read with much care. To further enter into discussion of the details of proof in regard to the services of these attorneys which inured to the benefit of all would serve no useful purpose, and would extend this opinion to an undue length. We are fully mindful of the care with which courts should consider matters of this nature, but viewed from all aspects and duly weighed we are persuaded that the decree of the trial Judge is well supported, and that these fees were properly allowed under the statute and decisions of this court.

It results that the decree of the lower court is due to be affirmed, and it is so ordered.

Affirmed.

THOMAS, FOSTER, and STAKELY, JJ., concur.