This is a divorce action.
On June 17, 1981, the wife through her attorneys filed her divorce complaint. Among other matters therein, she alleged that the parties had separated on May 4, 1981, that the insured home of the parties burned on May 13, 1981, and that she was entitled to receive a portion of the insurance proceeds. The final judgment granted a divorce, awarded child custody to the wife, ordered the husband to provide child support, divided their real estate and rendered a judgment halving the fire insurance moneys after first deducting therefrom stipulated debts and after then deducting from the balance of the proceeds attorneys' fees ascertained by the court for the husband's attorneys for services rendered pertaining to the insurance. Our only issue for decision is the propriety of the trial court's judgment concerning those attorneys' fees and we restrict this opinion to that problem. *Page 639 
The husband's attorneys filed motions alleging that a disagreement had arisen between the husband's attorneys and the parties as to the amount of their attorneys' fees for obtaining a check from the insurer for $94,713.33 in settlement of the insurance claim of the parties. The motions further stated that the husband had agreed to a contingent fee of one-third of the amount recovered, which was contended to be a reasonable allowance. No civil action was filed against the insurer upon the policy inasmuch as the insurance proceeds were paid without litigation.
When the parties separated on May 4, they owned a home and its household contents, all of which were consumed in the fire of May 13. The insurance coverage thereon was payable to the mortgagee and to the husband and the wife.
The husband was served with the divorce summons and complaint on June 29, 1981. He did not recall whether he first employed his attorneys in the divorce action or whether their first employment by him was regarding the fire insurance. Nevertheless, he engaged the services of his counsel to recover under the insurance policy. They agreed to a contingent fee of one-third of the gross insurance proceeds collected. He swore that neither the mortgagee nor his estranged wife authorized him in any manner to employ counsel for them as to the insurance. He stated that he was satisfied with his attorneys' services in that connection.
The wife testified that she did not authorize the husband to contract on her behalf with his attorneys for the collection of the insurance proceeds. It was not controverted that she had no knowledge that the attorneys had been employed by anyone as to the insurance until she was notified by them that they had received a check from the insurer. Since the day after the fire, she had personally been in direct contact with the adjuster. According to her, the insurance company did not refuse to make payment — they just had not paid.
The trial court ordered, by agreement of the parties, that, from the entire proceeds of $94,713.33, certain creditors be paid definite stipulated amounts totaling $68,541.77. That left a balance of $26,171.56, which is the sum in controversy. The trial court found that $16,413.95 was "a reasonable attorneys fee from which the funds distributable to both insureds shall be deductible. . . ." Thereafter, the balance of $9,757.61 was ascertained by the court to be a marital asset and was ordered divided equally between the parties.
The wife appeals and the gist of her argument is that the husband's attorneys were not entitled to recover any portion of any fee from the wife for any legal services rendered as to the fire insurance proceeds and that the trial court erred in so ordering. The wife has filed the only brief before us.
It is well established in Alabama that attorneys' fees can be recovered only when authorized by statute, when provided in a contract or "in an equitable proceeding where the efforts of an attorney creates a fund out of which fees may be paid. [Citations omitted.]" Shelby County Commission v. Smith,372 So.2d 1092, 1096 (Ala. 1979); State ex rel. Payne v. EmpireLife Ins. Co., 351 So.2d 538, 545 (Ala. 1977); White v. State,294 Ala. 502, 319 So.2d 247 (1975). Stated differently, "[i]n the absence of a contract, statute, or recognized ground of equity, there is no inherent right to have attorney fees paid by the opposing side." Parker v. Jefferson County Commission,347 So.2d 1321, 1327 (Ala. 1977).
A claim by an attorney for payment for his professional services rests upon either an express or implied contract of employment made by the person sought to be charged or his authorized agent. Tyson Arrington v. Thompson, 195 Ala. 230,70 So. 649 (1915); Irvin v. Strother, 163 Ala. 484, 50 So. 969
(1909). Here, no express contract existed between the husband's attorneys and the wife. The parties were separated and there was no evidence that the husband had any express or implied authority to act as the wife's agent in the employment of counsel and the husband's testimony raised no such contention. There *Page 640 
was no proof that the wife had any knowledge that the husband's attorneys were even employed or that she knew that they were rendering any services whatsoever relative to the insurance until she was notified by them that the draft had been issued by the insurer. Accordingly, recovery of attorney fees could not be had from her upon an implied contract. Davis v. Walker,131 Ala. 204, 31 So.2d 554 (1901); Grimball v. Cruse, 70 Ala. 534,544 (1881). We conclude that no such fee from the wife could be awarded to the husband's attorneys because of a contract of any nature.
The only statute that could possibly have application in the current controversy is § 34-3-60 of the Code of Alabama (1975). Our rather extensive research has disclosed no case under that code section which even remotely resembles the current factual or subject situation. The cases thereunder generally concern estates, wills, trusts, land sales for a division, partition of land or guardianships.
Some cases construing that statute are based upon the "common fund" theory. King v. Smith, 247 Ala. 1, 22 So.2d 336 (1945). The common fund "concept embraces a situation where one litigant has proceeded alone at his own expense and has either created, protected, or preserved a fund in which others are entitled to share. . . ." Troy Bank Trust Co. v. Brantley,263 Ala. 428, 435, 82 So.2d 618, 624 (1955); Penny v. Pritchard McCall, 255 Ala. 13, 49 So.2d 782 (1951); Kimbrough v.Dickinson, 251 Ala. 677, 39 So.2d 241 (1949).
The code section contemplates litigation being instituted for the benefit of all and such is not here present. In this case, the services rendered were performed in good faith but, for aught that appears from the record, such performance was done solely for the benefit of their client, the husband. There is no evidence that the legal work was performed for the benefit of the wife. Benefits to her, if any, which arose out of the services performed, were incidental. It is required that services be rendered for the benefit of all. King v. Smith,supra.
 "Attorneys' fees will be charged to the interest in truth and in fact represented. The fact that the representation incidentally resulted in benefit to the other cestuis que trustent did not authorize charging them with attorneys' fees. [Citations omitted.]"
Lewis v. Wilkinson, 237 Ala. 197, 198, 186 So. 150 (1939);Strong v. Taylor, 82 Ala. 213, 2 So. 760 (1887). This case fits into the incidental benefit category where fees were not authorized to be charged against the wife. The mere fact that the services which an attorney renders for his client are beneficial to another party does not in and of itself entitle the attorney to recover any compensation from the one benefited. 7 Am.Jur.2d, Attorneys at Law § 240, p. 279.
There are two annotations as to the allowance of an attorney's fee against property or against a fund increased, created or protected by an attorney's services. 107 A.L.R. 749; 49 A.L.R. 1149. However, no common fund case therein cited has any reasonably close similarity to the present subject matter. The cases in the annotations are concerned with the awards of attorneys' fees as to trust funds, estates, fraudulent conveyances, receiverships, insolvent corporations, bondholder or stockholder actions or bankruptcy.
In this controversy, it should be kept in mind that the wife had retained her own counsel in the divorce action where one aspect of the litigation as raised by her complaint concerned the fire insurance proceeds, that the wife was actively cooperating and working with the insurance adjuster in order to effect payment and that she had no knowledge of the employment of counsel concerning the insurance by her estranged husband. Those collective facts make it highly inequitable to charge her with any portion of her husband's attorneys' fee. "[T]he fact that the other members of the class were represented by their own counsel has in some cases been treated as a strong or fatal objection to the allowance of counsel fees out of the common fund." 20 Am.Jur.2d, Costs § 86, p. 70. Such a fatality here exists. *Page 641 
We determine that neither the code section nor the common fund theory authorized the taxation of any portion of the fee to the wife or against her part of the insurance money. Since we are not cognizant of any other recognized equitable principle which authorizes any such liability by the wife to the husband's attorneys, we have no other alternative but to hold that the respected and learned trial judge erred in charging any portion of the attorneys' fee for the husband's attorneys against any part of her interest in the fire insurance proceeds for any services which might have been rendered by the attorneys as to the insurance. In short, she cannot be required in any manner to contribute towards any such fee in any amount from her part of the insurance proceeds or from any other source. The payment of any fee to the husband's attorneys concerning the insurance proceeds must come entirely from the husband without compulsory contribution in any manner or degree from the wife.
We are highly mindful of the care with which courts should consider issues of this nature, but, viewed from all legal aspects and giving due weight to the ore tenus presumption, legal issues, and not factual problems, were presented for our decision and we are persuaded by the law that the judgment of the trial court improperly imposed upon the wife that portion of the awarded fee which was made chargeable to her interest in the balance of $26,171.56.
This case is reversed as to paragraphs 3 and 4 of section A of the divorce judgment and as to paragraph 7 of section B of that judgment[1] and the case is remanded to the trial court for the rendition and issuance of a judgment which is not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.
[1] If the $9,757.61 has already been paid to the parties as thereby provided, such payments should be duly considered in rendering the judgment on remand.