This appeal marks the second time that issues connected with this case have been before this court and is an attack on the final judgment of the Autauga County Circuit Court rendered on January 19, 1983 following remand from this court. For this reason we shall recount only those facts which are pertinent to the issues at hand. Readers who desire greater detail are referred to our opinion of Williams v. Williams, 424 So.2d 638
(Ala.Civ.App. 1982).
Patricia B. Williams and Ocie M. Williams were divorced by a decree of the Autauga Circuit Court. Prior to this time the couple's marital home was destroyed by fire on May 13, 1981. The husband retained the law firm of Clifford W. Cleveland, P.C., to represent him in connection with the divorce action and also entered into a contingent fee arrangement in the amount of one-third of the gross proceeds with the firm under which it was to recover fire insurance proceeds from Armed Forces Cooperative Insuring Association.
Before the divorce trial the insurance company paid $94,713.33 to the law firm of Clifford W. Cleveland, P.C., and at trial Cleveland promised to obtain necessary endorsements and distribute the funds in accordance with the court's directions. The court, in its November 16, 1981 decree, ordered that lienholders be paid and that the law firm of Clifford W. Cleveland, P.C., receive a fee of $16,413.95. The remaining balance of $9,757.61 was to be split between Patricia B. Williams and Ocie M. Williams as a marital asset.
Thereafter, Ms. Williams timely appealed to this court, claiming that legal fees due to Clifford W. Cleveland should not be charged against her share of the insurance proceeds. We agreed that since she had not retained the law firm, she was not liable for any of the legal fees under the contingent fee contract signed by her husband. On remand the Autauga Circuit Court stated that:
 "[I]t is the judgment and order of this Court that the said fire insurance proceeds in the amount of $26,171.56 be divided equally between the husband and wife . . . and that the wife be and she is hereby awarded the specific sum of $13,085.78. . . ."
From this decision Clifford W. Cleveland has appealed to this court.
Cleveland first argues that the trial court incorrectly interpreted the instructions of this court in rendering its decree after remand. This argument is wholly without merit. In our decision of Williams v. Williams, supra, we stated:
 "In short, [Ms Williams] cannot be required in any manner to contribute towards any such fee in any amount from her part of the insurance proceeds or from any other source. The payment of any fee to the husband's attorneys concerning the insurance proceeds must come entirely from the husband without compulsory contribution in any manner or degree from the wife."
In those sections of the trial court's decree after remand quoted above, it was merely complying with our instructions to see that the wife's share of the insurance proceeds was not made available to pay the husband's attorney's fees. *Page 921 
Appellant Cleveland next argues that the trial court, in its decree after remand, created a new cause of action and that the hearing violated due process standards because notice was not given to him. We note that the brief hearing held by the trial court was conducted concerning issues which were included in the original decree. Thus, since the attorney's fee issue was included in the original decree and was instituted by a motion from Cleveland, he cannot now argue that the hearing after remand concerned a new cause of action. We also note that attorneys Alfred Q. Booth and Clifford W. Cleveland appeared at the hearing and stated the firm's position in regard to the attorney's fee. Thus, appellant Cleveland cannot argue that he was unaware of the nature of the hearing.
Cleveland finally argues that the trial court improperly made him personally liable for the $8,206.97 due to Patricia B. Williams. He argues that he is shielded from such liability because his law firm was operated as a professional corporation. The thrust of his position indicates that Patricia B. Williams was a judgment creditor of his law firm; and because he practiced as a professional corporation, he is shielded from liability as a stockholder.
The Alabama Professional Corporations Act allows attorneys and other professionals to incorporate and enjoy the limited liability feature of the corporate form of business enterprise. However, section 10-4-236, Code 1975, states that the corporate form does not protect the professional in rendering service to a client. In other instances the normal rules of limited liability apply. Section 10-2A-43 (a), Code 1975, provides:
 "A holder of or subscriber to shares of a corporation shall be under no obligation to the corporation or its creditors with respect to such shares other than the obligation to pay to the corporation the full consideration for which such shares were issued or to be issued."
In the instant action Patricia B. Williams stood as a judgment creditor to the professional corporation of Clifford W. Cleveland. The check from the insurance company came into the hands of the professional corporation and was not handled by Clifford W. Cleveland in his individual capacity. Thus, section 10-4-236, Code 1975, protects him from personal liability, and the judgment must be reversed.
This position gains more strength from the fact that the record before us fails to show any circumstances under which the corporate veil could be pierced and the shareholder held personally liable. Such a situation may subsequently occur; however, as we have stated, there is no evidence before us to show misuse or abuse of the corporate form. See Cohen v.Williams, 294 Ala. 417, 318 So.2d 279 (1975).
For the foregoing reasons the decision of the trial court which held Clifford W. Cleveland personally liable is reversed.
REVERSED AND REMANDED.
HOLMES, J., concurs.
WRIGHT, P.J., recuses himself.