This appeal and the cross-appeal are taken from a judgment of the trial court, sitting without a jury, in an action for partition and sale for division of real property.
The plaintiff, Evelyn Mann, and eleven others were tenants in common of slightly more than 150 acres of real property in Bullock County. In October 1981, Miss Mann filed a complaint in the circuit court, asking the court to set aside, as her one-third interest in the property, fifty acres, including the parcel on which her house trailer was located. In addition, she asked the court to sell the remaining two-thirds for division, alleging that it could not be equitably partitioned among the other co-tenants. She asked that attorneys' fees be awarded to her attorney from the proceeds of the sale. *Page 784 
An answer-counterclaim was filed on behalf of four of the defendants.[1] In this pleading, it was alleged that none of the real estate could be equitably partitioned. The court was asked to sell the entire property, including Evelyn Mann's share, for division. The counterclaim also asked that the defendants' attorney receive reasonable compensation for his services, "the same to be taxed as a common charge upon all the interests of the parties hereto as they might appear and to be paid out of the proceeds of the sale of said property."
Miss Mann's attorney filed a motion to dismiss the counterclaim, which motion was denied by the court. Thereafter, on April 1, 1982, the complaint was amended as follows:
 1. That the Complaint heretofore filed be amended by the addition to paragraph 6 of the following:
 "If the Court determines that it is not possible to partition the entire share of the Plaintiff Evelyn Mann, that the Court will partition that portion on which her trailer is located. If the Court determines that it is impossible to partition any amount to Evelyn Mann, then in the alternative all of the property described in paragraph 1 should be sold for division."
 2. That the Complaint heretofore filed be amended by the addition to paragraph 2 of the Demand the following:
 "In the alternative, if Evelyn Mann's share, or a portion thereof, cannot be equitably partitioned, that the entire parcel as described in paragraph 1 be sold for division among the tenants in common."
A trial was held, at which the defendants/counterclaimants presented testimony, controverted by the plaintiff's witnesses, that a partitioning off of Miss Mann's share would diminish the value of the remainder. Evidence was also adduced that both attorneys involved in the case had rendered services which were of value to the entire estate. Following the trial, the court set aside approximately fifty acres of the property, including that occupied by Miss Mann's trailer, as her one-third share, and ordered the remaining two-thirds sold for division.
After the sale of the two-thirds portion for $37,000.00, the court issued a decree confirming the sale and ordering that each of the two attorneys be paid a fee of $2,775.00. It determined court costs, exclusive of attorneys' fees, to total $590.23. The court ordered the clerk of the court to deliver to Evelyn Mann a register's deed to the property alloted to her upon payment into court of $2,046.74 as her pro rata share of the costs of the action, including attorney's fees. The proceeds of the sale, after the subtraction of the remaining two-thirds of the costs, were divided among the defendants according to their interests in the property.
The division of the property is not contested in these appeals. The issues raised by the parties concern, first, the propriety of dividing the attorneys' fees between the attorney for the plaintiff and the attorney for the defendant, and, second, the correctness of the trial court's requirement that Evelyn Mann pay one-third of the attorneys' fees and court costs. We affirm the judgment of the trial court.
Regarding the division of attorneys' fees, Miss Mann argues that the defendants had no right to their counterclaim, which, she says, should have been struck by the trial judge, and that defendants' counsel performed no service for the common estate which her own counsel had not been employed to perform. From this she concludes that defendants' counsel should not be allowed attorneys' fees from the common estate. The cross-appellant counters that, having petitioned to have her own share of the land partitioned in kind, Miss Mann had no standing to petition for the sale for division of the remaining two-thirds of the property, and that the counterclaim *Page 785 
alone allowed the defendants' share to be sold. Therefore, he maintains, Miss Mann's attorney should be able to look only to his client's interest in the property in collecting his fee.
In this discussion we do not reach the questions of the necessity or impropriety of the counterclaim, as we do not think these issues control the resolution of the conflict over attorneys' fees. The statute governing the trial court proceedings, Code 1975, § 35-6-20, gives broad powers to the circuit court to "divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common. . . ." The discretion of the trial court in such a case is extended to the awarding of attorneys' fees by §34-3-60. That section reads:
 In all actions and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved the administration of a trust, or where there is involved the sale of property for distribution, or where there is a partition in kind of real or personal property between tenants in common, the court having jurisdiction of such action or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint or common property, or any party in the action or proceeding, and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney's fee, which is to be paid when collected as other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court to be a lien on the several parts in case of partition in kind. (Code 1907, §§ 3010, 5219; Code 1923, §§ 6261, 9319; Code 1940, T. 46, § 63.)
This court has noted that the attorneys' fees authorized by the statute are not limited to the plaintiff's attorney, but in a proper case may extend to a defendant's attorney. See Spillerv. Mackereth, 334 So.2d 859 (Ala. 1976). In Matthews v. Lytle,220 Ala. 78, 124 So. 197 (1929), this court held:
 To permit counsel for respondent to have a fee out of the estate, he must have been employed to render and did perform some service for the common benefit of all, which in due course of the proceeding other counsel had not been employed to render, or had unduly failed to perform, unless in the discretion of the court it appears that a case is presented in which more than one counsel should be employed for the common benefit. Under the statute, this is largely controlled by the discretion of the court, subject to proper review.
220 Ala. at 80, 124 So. at 198. It has been consistently held that the awarding of attorneys' fees in partition actions is left to the sound discretion of the trial judge, and, on review, this court will not disturb the award without a showing that the trial judge abused that discretion. Spiller v.Mackereth, supra; King v. Smith, 247 Ala. 1, 22 So.2d 336
(1945); Broughton v. Nance, 244 Ala. 499, 14 So.2d 505 (1943).
An examination of King v. Smith, supra, seems appropriate with reference to the case before us. In that case, a number of parcels of land were owned by tenants in common. A bill was filed, seeking partition in kind or, alternatively, sale for division. As an outcome, certain of the parcels were partitioned, while others were sold for division. Attorneys' fees were awarded from the common fund to counsel for both the plaintiffs and the defendants. This court observed, regarding the evidence:
 The questions arising in the case were not those of adverse claim among these joint owners. . . . The only difference evidenced from time to time related to the method of partition or division. All the parties sought an equitable and fair division, and so far as this record discloses no one sought any peculiar advantage over the other.
247 Ala. at 2, 22 So.2d at 337. In affirming the trial court's decree, this court noted that the trial judge was clearly familiar with the work done by the attorneys, and that the decree was supported by the evidence. *Page 786 
Likewise, in the case before us, the trial judge was familiar with the contributions of both attorneys to the action, and there is evidence in the record to support his finding that the services rendered by both attorneys were for the joint benefit of all the parties. We find no abuse of his discretion in awarding attorneys' fees to both attorneys.
We look now to the trial court's requirement that Miss Mann pay into court one-third of the court costs and attorneys' fees.
It appears from the record that the total amount of the fees was based on the calculated value of the entire property made the subject of the action, including Miss Mann's share. The last portion of § 34-3-60 authorizes the trial court to
 tax as a part of the costs in such action or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court and to be a lien on the several parts in case of partition in kind.
We find this language to be amply broad to allow the trial court, in its discretion, to order the taxation of attorneys' fees and other costs in the manner adopted in this case, under the facts as presented.
For the above reasons, we hold that the trial court's judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] The cross-appellant in the case before us, Loyd Earl Mann, was one of the counterclaimants in the court below.