RUSSELL, Judge.
This case arises from a petition to distribute certain proceeds of an insurance policy.
On June 22, 1988, William Wade Miller petitioned the trial court of Walker County to distribute the proceeds attained by Mr. Miller due to an insurance settlement over a disputed fire loss. Shirley Gail Miller Pate objected to Mr. Miller’s proposed distribution plan and proposed a separate distribution plan.
In October 1988 the trial court entered an order, distributing the proceeds of the insurance policy. That order in part is as follows:
“This cause coming on to be heard before the Court on Petition of William Wade Miller for Distribution of Proceeds and Motion to Amend, Alter, or Vacate of William Wade Miller; and this Court having carefully considered the pleadings submitted by both parties, the argument of Counsel, and the stipulated facts and documents submitted by Counsel to the Court; IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:
“(1) That the proceeds of Employers Casualty v. William wade Miller, et al. CV 86-PT-2286-S in the amount of $57,- *790 625.00 be deposited with the Circuit Clerk of Walker County, Alabama.
[[Image here]]
“The distributions ... are based upon the following findings and computations:
“The law firm of Wilson & King is entitled to a fee of 40% of the sum of $57,625.00, for a total of $23,050.00 by virtue of the contract of employment submitted in this case.
“The law firm of Wilson & King is entitled to the sum of $951.75 as reimbursement for out-of-pocket expenses, by virtue of the contract of employment submitted in this case.
[[Image here]]
“The Respondent, Shirley Gail Miller, is entitled to 50% of the proceeds of this recovery, after credit for attorney fees and expenses payable to Wilson & King, which fees and expenses were necessary and reasonable for the resolution of this controversy, being one-half of $33,623.25.”
Ms. Pate appeals, and we affirm.
On appeal Ms. Pate contends that the trial court erred in the attorney fee award to Mr. Miller’s attorney. She argues that the attorney fee should not have been based on the total amount deposited with the court. We disagree.
It is well established that attorney fees are recoverable only where authorized by statute, when provided in a contract or by special equity, such as in a proceeding where the efforts of an attorney create a fund out of which fees may be made. Reynolds v. First Alabama Bank, 471 So.2d 1238 (Ala.1985). Here, it is clear that Mr. Miller had a contract of employment with his attorney; the contract set out that the attorney was to receive forty percent of the gross recovery, plus all court costs and out-of-pocket expenses for services rendered.
We would note that, in the main, Ms. Pate relies on Williams v. Williams, 424 So.2d 638 (Ala.Civ.App.1982), in support of her argument that the trial court erred. However, we find the facts and circumstances in the instant case to be far afield from those in Williams.
In Williams, the husband and wife were separated, but not divorced. While in the process of obtaining a divorce, their home was consumed by fire. Thereafter, the division of the fire insurance proceeds was one issue in the divorce litigation. The insurance coverage was payable to the mortgagee and to the husband and wife. The husband alone engaged the services of his attorneys to recover under the insurance policy. The wife did not authorize the husband to contract on her behalf with his attorneys, and she further had no knowledge that the husband had retained counsel for the purpose of recovering the fire insurance proceeds. Additionally, since the day of the fire, the wife had personally been in direct contact with the adjuster concerning payment of the claim and contended that such action by the husband was unnecessary in order to collect the insurance proceeds.
In the instant case, the parties were divorced and operating under a judgment of divorce. Pursuant to that divorce decree, the house was to be sold, and “the net proceeds ... from the sale of the house shall be divided equally between the parties to this cause.” We note that it would appear from Ms. Pate’s appendix that after the divorce, the fire insurance coverage on the home was cancelled and through the efforts of Mr. Miller a new policy was finally issued. Prior to any sale, however, a fire completely destroyed the home.
It appears from Ms. Pate’s brief and appendix that there existed some dispute over the origin of the fire, as well as who was actually covered. The insurance company investigated the claim and filed a declaratory judgment action in an effort to establish its liability and obligation, if any. The insurance company determined that Mr. Miller was the owner of the policy and that Ms. Pate had no interest at all in the fire insurance proceeds and was not entitled to recover under the policy. The only interest that Ms. Pate had was pursuant to the divorce decree which awarded her one-half of the “net proceeds” after the sale of the house.
*791 Additionally, it appears that, as the insurance company was questioning the validity of the fire loss claim, Mr. Miller retained an attorney in an effort to collect on the policy. We would note that such efforts by Mr. Miller’s attorneys resulted in the settlement of the claim.
Furthermore, we point out that Ms. Pate was at all times completely aware of all the circumstances surrounding this case. She knew that there was a problem with the disputed fire loss claim, as well as the fact that Mr. Miller retained counsel in an effort to obtain any settlement. In fact, Ms. Pate even tried to retain Mr. Miller’s attorneys in this matter.
In view of the distinctions between the present case and Williams, we find that we are not bound by the outcome in Williams and that it has no application here.
Therefore, we cannot say that the trial court erred in its computation of attorney fees and in its distribution of the proceeds. Put another way, we cannot say that the trial court erred by deducting the attorney fees prior to determining “net proceeds” and making a distribution.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.