186 So. 150

### LEWIS v. WILKINSON.

### 6 Div. 318.

Supreme Court of Alabama.

Jan. 12, 1939.

Rehearing Denied Feb. 9, 1939.

M. B. Grace and Ivey F. Lewis, both of Birmingham, for appellant.

F. D. McArthur, of Birmingham, for appellee.

THOMAS, Justice.

This appeal challenges the action of the trial court in denying the petition for reasonable attorneys' fees.

The instant case is reported as Wilkinson et al. v. Wright et al., 228 Ala. 243, 153 So. 204. We take judicial knowledge of the former proceeding. Frazer et al. v. First Nat. Bank of Mobile, 235 Ala. 252, 178 So. 441.

The subject before us was considered and the authorities collected in the case of Frazer et al. v. First Nat. Bank of Mobile, supra.

Attorneys' fees will be charged to the interest in truth and in fact represented. The fact that the representation incidentally resulted in benefit to the other cestuis que trustent did not authorize charging them with attorneys' fees. Frazer et al. v. First Nat. Bank of Mobile, 235 Ala. 252, 257, 178 So. 441; Willett & Willett et al. v. First Nat. Bank of Anniston et al., 234 Ala. 577, 176 So. 344; Dent et al. v. Foy et al., 210 Ala. 160, 97 So. 627; Bidwell v. Johnson et al., 191 Ala. 195, 67 So. 985. To like effect was Wood et al. v. Amos, 236 Ala. 477, 183 So. 639.

In this case the evidence was taken ore tenus and was conflicting. The trial judge had the witnesses before him and heard the testimony. The presumptions of verity that obtain have application. Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171.

It has long been the rule that in equity the finding of the judge or chancellor on conflicting evidence will not be disturbed unless clearly wrong, "unless there is a decided preponderance of the evidence against its correctness." Bogan v. Daughdrill, 51 Ala. 312. This is the rule to this day (Jackson v. Jackson et al., 204 Ala. 257, 85 So. 482); otherwise stated in the later decisions: "* * * unless it is contrary to the great weight of the evidence, plainly erroneous, and manifestly wrong and unjust." Donald v. Reynolds, 228 Ala. 513, 154 So. 530, 532; Grayson v. George et al., 226 Ala. 106, 145 So. 427, and authorities collected; Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932.

We have examined the record and find no error in the action of the trial court in denying the petition within the rule of the decisions of this Court. It would serve no good purpose to discuss the evidence in detail.

The decree is therefore affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.