54 So.2d 777

### LEWIS et al. v. RAILROAD RETIREMENT BOARD.

6 Div. 234.

Supreme Court of Alabama.

Oct. 4, 1951.

Rehearing Denied Nov. 23, 1951.

Jackson, Rives & Pettus, Birmingham, for appellants.

John D. Hill, U. S. Atty., and L. Drew Redden, Asst. U. S. Atty., Birmingham, for appellee.

432

STAKELY, Justice.

This is an interpleader suit in equity in which the lower court entered a final decree awarding the fund in controversy of $1,213.25, which had been paid into the registry of the court, to the claimant, respondent Railroad Retirement Board, and denying in whole or in part to the claimant, complainant David D. Lewis and the intervening law firm of Jackson, Rives & Pettus, any right to such fund. The claimant, complainant David D. Lewis, and the intervenors Jackson, Rives & Pettus have appealed to this court from the decree. The Railroad Retirement Board is an independent agency in the executive branch of the Government of the United States. 45 U.S.C.A. § 228j.

The complainant was injured on or about February 25, 1948. Complainant filed his application for sickness benefits under the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 351 et seq., with the Regional Office of the Railroad Retirement Board on March 3, 1948. The Railroad Retirement Board began payments under the provisions of the act to the complainant on account of this injury on February 25, 1948, the day following the injury. These payments continued with a brief interruption provided by the act through September, 1949. On August 13, 1948 the Railroad Retirement Board sent notice, as provided by the act, to the Comptroller of the Louisville & Nashville Railroad Company. This notice was received on or about the 17th of August, 1948.

The firm of Jackson, Rives & Pettus, intervenors, was first contacted by the complainant with reference to employment as his attorneys in his civil action against the Louisville & Nashville Railroad Company on January 20, 1949. Intervenors filed suit in behalf of complainant against the Louisville & Nashville Railroad Company on January 21, 1949, and the summons and complaint in the suit were served on January 27, 1949. This suit was for personal injuries and was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. On October 3, 1949 a consent judgment in the aforesaid suit—Case Number 18,372–X—in the sum of $37,500.00 was entered in favor of the complainant and against the Louisville & Nashville Railroad Company in the Circuit Court for the 10th Judicial Circuit of Alabama. On October 8, 1949 the Louisville & Nashville Railroad Company requested information from the Railroad Retirement Board concerning the amount of benefits paid by the Board to the complainant, referring to the Board's letter of August 13, 1948. On October 13, 1949 the Board advised the Louisville & Nashville Railroad Company that the correct amount paid was $1,213.25. It is without dispute that this is the correct amount which was paid.

The Louisville & Nashville Railroad Company paid to the Clerk of the Circuit Court for the 10th Judicial Circuit of Alabama the sum of $36,286.75 subsequent to the entry of the aforesaid judgment. The sum of $1,213.25, was withheld because of the claim of the Railroad Retirement Board.

Subsequent thereto the intervenors distributed the amount received by them from the clerk of the court by deducting and paying to the firm $611.67 for expenses, by withholding as a fee the sum of $8,918.77 and paying over the balance of the proceeds to the complainant. This was done with knowledge that the Board claimed $1,213.25 of the $37,500.00 judgment.

I. It is without dispute that the complainant employed intervenors on January 20, 1949 as his attorneys to represent him in prosecuting his claim for personal injuries under the Federal Employers' Liability Act against the L. & N. Railroad Company with the agreement that the attorneys' fee of intervenors would be a contingent fee in an amount equal to 25% of the amount of recovery after deduction of expenses of prosecuting the claim. This suit was filed as aforesaid and without dispute the intervenors prepared the case for trial and tried the case. While the case was in progress and shortly before submission of the case to the jury, the consent judgment in the amount of $37,500.00 was entered by the court, as aforesaid. Without dispute the fee as agreed upon was conceded to be a reasonable fee and the services of the attorneys in bringing and prosecuting the suit were well and properly performed.

No attorneys' fee has been paid to the intervenors on the $1,213.25, which was withheld from payment by the L. & N. R. R. Co. and which was later paid into the registry of the court in this interpleader suit. In addition to the claim of the intervenors for a fee from the fund of $1,213.-25, the intervenors also claim an additional fee for filing the bill of interpleader on behalf of complainant in the amount of $100.-00.

In the letter of August 13, 1948 from the respondent, the Railroad Retirement Board, to the Louisville & Nashville Railroad Company the statute under which the respondent claimed its lien is set out in a form attached to the letter. This statute is Section 12(o) of the Railroad Unemployment Insurance Act, 45 U.S.C.A. § 362(o) and reads as follows: "Benefits payable to an employee with respect to days of sickness shall be payable regardless of the liability of any person to pay damages for such infirmity. The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee or other person through suit, compromise, settlement, judgment, or otherwise on account of any liability (other than a liability under a health, sickness, accident, or similar insurance policy) based upon such infirmity, to the extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity. Upon notice to the person against whom such right or claim exists or is asserted, the Board shall have a lien upon such right or claim, any judgment obtained thereunder, and any sum or damages paid under such right or claim, to the extent of the amount to which the Board is entitled by way of reimbursement."

It is the position of the appellants that the lien of the respondent, the Railroad Retirement Board, if any, is subordinate to the lien of the intervenors for attorneys' fees for services performed in obtaining judgment in the suit brought by the complainant against the Louisville & Nashville Railroad Company. The lien of intervenors as attorneys arises pursuant to § 64, subd. 2, Title 46, Code of 1940, which reads as follows: "2. Upon suits, judgments, and decrees for money, they shall have a lien superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment or decree, until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them."

Subsection 4 of the aforesaid section of the code is as follows: "4. The lien in the event of suit, provided in paragraphs

two and three of this section, shall not attach until the service upon the defendant or respondent of summons, writ or other process * * *."

It clearly appears from the statute that the lien of the intervenors as attorneys could not arise until summons and complaint were served. This service was made on January 27, 1949. The notice of the respondent Railroad Retirement Board to the Louisville & Nashville Railroad Company was given on August 13, 1948 and was received not later than August 17, 1948. These respective dates determine which lien antedates the other. It is apparent that the lien of the Railroad Retirement Board antedates that of the intervenors by several months because the lien of the Railroad Retirement Board under the statute arises "Upon notice to the person against whom such right or claim exists * * *." 45 U.S.C.A. § 362(o). Since the lien of the Railroad Retirement Board antedates the lien of the intervenors, it is superior to it.·

 In Adams v. Alabama Lime & Stone Corp., 221 Ala. 10, 127 So. 544, 550, this court said:

"* * * it has been consistently and often declared that the attorney's lien is subordinate to all set-offs held by the judgment debtor at the time of its rendition. * * *

"We do not think this settled rule, declaring in effect that the attorney's lien on a judgment rises no higher than the judgment itself at the time of its rendition, has been changed by our statute, * * *. It could hardly be supposed the attorney's lien on property is made to displace existing liens or equities therein. * * *

"It is often said with force this view destroys, wipes out the judgment, the subject-matter on which the lien is declared; that it is sound policy to protect the attorney whose professional labors have brought the judgment into being. Obviously our statutes aim to protect attorneys as to the effects of their clients involved in the litigation. There is likewise strong reason for saying the rights of the attorney should be limited to those of his client."

In the case of Grace v. Solomon, 241 Ala. 452, 3 So.2d 3, this court said: "The lien here provided (attorney's lien) cannot be extended beyond the fair intendment of the statute, the effect of which, in agreement with the common law, is to place the attorney in the position of an equitable assignee of the judgment obtained for his client."

From the foregoing authorities it is clear that the lien of the intervenors as attorneys is limited to the equity of their client in the judgment. It cannot under the statute extend to an equity in the judgment which is owned by another and which is superior to that of the complainant. Under the federal statute the Railroad Retirement Board clearly had a lien to the extent of the payments made by it superior to the rights of the complainant in the judgment recovered by him and this being true, the lien of the intervenors, attorneys, must be considered as subordinate to the lien of the respondent Railroad Retirement Board.

 It is contended that the notice relied upon by the respondent Railroad Retirement Board in its letter of August 13, 1948 to the Louisville & Nashville Railroad Company fails to meet the requirements in claiming a lien because it fails to state any amount for which a lien is claimed and for which reimbursement should be made. There is no merit in this contention. The statute provides that the Board's right to reimbursement is determined by. the "extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity." The statute provides for notice to the persons against whom the claim of the injured person exists and does not·require any notice of the amount. Benefits paid under this statute are not lump sum benefits but are paid every two weeks upon application of the person entitled thereto. In the present case complainant upon his application received benefits beginning February 26, 1948 and continued with a brief interruption until September 1949. A total of $1,213.25 was paid. It would have been impossible at any time prior to the last payment for the respondent to have advised the Louisville & Nashville Railroad Company of the amount of its lien. To require it to wait would cause it to fail to assert its lien and would be to impose a condition not

required by the act. We think the notice was in all respects sufficient to create a lien provided for in the statute and as pointed out, it contains in an attachment to the letter the provisions of the act relating to the Board's lien in verbatim. We think the notice served to advise the Louisville & Nashville Railroad Company that the Board claimed a lien on any amount that the Louisville & Nashville Railroad Company might later owe to the complainant. The notice put the Louisville & Nashville Railroad Company on notice of the right of the Board and provided the railroad with the means of ascertaining the amount claimed by the Board at any time that the railroad might be called upon to settle complainant's claim against it. The railroad was placed in the position where it had the duty to make inquiry and was charged with all that inquiry would reveal. Figh v. Taber, 203 Ala. 253, 82 So. 495; Morgan Plan Co. v. Accounts Supervision Co., 34 Ala.App. 457, 41 So.2d 424, certiorari denied 252 Ala. 473, 41 So.2d 428.

II. Citing Kimbrough v. Dickinson, 251 Ala. 677, 39 So.2d 241, 245, the position is taken by the appellant that the intervenors are entitled to be allowed a fee out of the fund paid into the registry of the court on the principle that the complainant has maintained a successful suit for the creation, preservation and protection of a common fund and has brought into court a fund in which another may share. The principle set forth in the foregoing authority is not applicable here. That case involved a trust fund of an estate. The interest of the person who had borne the burden and expense of litigation was not antagonistic to those who benefited by the litigation, all being heirs and next of kin of a decedent. In the foregoing authority it was said: "It will be observed that the co-complainants, in suits of this nature, all have a similar interest in the subject matter of litigation— a common, and not an antagonistic interest in the trust fund, which has been brought under the control of the court. The necessary expenses of the original complainant incurred in litigation may very well, under these circumstances, be made payable out of the common fund, * * *."

In the case of Lewis v. Wilkinson, 237 Ala. 197, 186 So. 150, the court said: "Attorneys' fees will be charged to the interest in truth and in fact represented. The fact that the representation incidentally resulted in benefit to the other cestuis que trustent did not authorize charging them with attorneys' fees."

In Wilkinson v. McCall, 247 Ala. 225, 23 So.2d 577, 580, this court said: "Services for the common benefit of the parties mean services that are of benefit to the common estate, or in other words services rendered in a matter in which the trust as a trust is interested and not services in behalf of the individual interests of the parties to the cause." See Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Coker v. Coker, 208 Ala. 239, 94 So. 308.

In the foregoing authorities the court was considering the right of the attorney in the administration of a trust and in most of those cases such right in the light of § 63, Title 46, Code of 1940. See Penney v. Pritchard & McCall, 255 Ala. 13, 49 So.2d 782. But even though no trust be involved, the right to charge a fund with costs and expenses depends upon whether the costs and expenses were incurred in the promotion of the interest of those eventually found to be entitled to the fund. 14 Am.Jur. 48.

The suit brought by complainant against the Louisville & Nashville Railroad Company was not in any sense a class suit or brought for the benefit of others. The complainant sought only to establish his own rights. The incidental benefit resulting to the Railroad Retirement Board is not a basis for charging the Railroad Retirement Board with the creation of a fund for its benefit.

Furthermore the action in which the judgment was procured was an action in a law court and not in equity. It was not filed in aid of or in connection with an equity proceeding as for example a receivership. In an action at law attorney's fees are not ordinarily taxable as costs. 20 C.J. S., Costs, § 218, page 457. The interpleader suit was instituted by complainant to protect himself against conflicting claims, 48 C.J.S., Interpleader, § 2, page 38 and not to

create or protect a common fund from waste or destruction. Strong v. Taylor, 82 Ala. 213, 2 So. 760; Penney v. Pritchard & McCall, supra.

The services rendered by the attorneys in the suit in which the judgment against the railroad company was procured were services rendered in behalf of a client, the complainant in the cause, and his individual interest under a contract made only between complainant and intervenors. It was not a service rendered in behalf of the Railroad Retirement Board, although it resulted incidentally in benefit to the Railroad Retirement Board. As a result of the views which we have here expressed, the allowance of a fee cannot be sustained on a theory of services rendered for the common benefit of all the parties.

III. As to the allowance of an attorney's fee to be paid to the attorneys for instituting the interpleader proceedings out of the fund deposited, this was a matter which rested in the discretion of the court. There is nothing to show that this discretion was abused in failing to make the allowance, especially since the complainant and the intervenor were adjudged to have no interest in the fund. Jennings v. Jennings, 250 Ala. 130, 33 So.2d 251.

There was no error in directing payment of the fund deposited in court to the Railroad Retirement Board. The decree of the lower court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.