## SEAWARD v. JACKSONVILLE TERMINAL CO.
No. 59-34-L.

Circuit Court, Duval County.

June 17, 1960.

Will O. Murrell, Jacksonville, for plaintiff.

Elliott Adams, Jacksonville, for defendant.

John L. Briggs, Ass't. U.S. Atty., Jacksonville, for Railroad Retirement Board, intervenor.

WILLIAM H. MANESS, Circuit Judge.

The plaintiff-employee of the defendant-company (railroad) recovered a consent verdict against defendant for $10,000, plus $500 of $515.06 taxable costs. In recognition of the asserted lien of the Railroad Retirement Board for benefits paid the plaintiff-employee, defendant obtained an order authorizing and directing the deposit of $683.40 of such verdict into the registry of the court to abide the further order of the court. This sum represents the amount of benefits paid by the board to the plaintiff employee. Both plaintiff and the United States, intervening on behalf of the Railroad Retirement Board, claim such sum.

The board bases its claim to said sum squarely on the language of paragraph (o), of section 362, title 45, of the U.S. Code, and the cases of U.S. v. Luquire Funeral Chapel, 199 Fed. 2d 429; U.S. v. Atlantic Coast Line R.R., 237 Fed. 2d 137; U.S. v. Hall, 116 Fed. Supp. 47; and Lewis v. Railroad Retirement Board (Ala.), 54 So. 2d 777.

The plaintiff-employee makes a more novel contention. To sustain his asserted claim to the $683.40, plaintiff has referred the court to the Congressional Record, detailing the proceedings in Congress prior to the passage of the provision here under consideration, and in particular, to the remarks of Congressman Crosser (reported to be the "father" of this railroad legislation) made August 1, 1946, before the U.S. House of Representatives in explanation of the then proposed legislation, to-wit —

"The fact that a *third party* may be liable to the employer for inflicting the disability upon which a claim for sickness benefits is predicated does not affect the validity of the claim for benefits, but the board is entitled to reimbursement from any payment . . . *paid under these circumstances . . .* "

It is contended that " . . paid under these circumstances . . " refers to the liability of a "third party" and that since the terms "employer", "carrier", "company", "employee" and "board" are all defined within the act (and include the plaintiff, defendant and board), that "third party" must be construed to mean some person or corporation *not defined by the act.* To further support this contention, plaintiff calls attention to the fact that the particular section under consideration has been titled, "Liability of Third Party for Sickness; Reimbursement of Board", by the editors of U.S.C.A., and the simple fact that since the employee and railroad both contribute to the board, the railroad-employer cannot be a third party.

While the liberal interpretations placed on other provisions of the act for the benefit of railroad workers do not rule out the possibility that such an interpretation might be consistent with the declared purpose of Congress to confer generous benefits upon workers in this industry, this court must reject the contentions of plaintiff. First, because the plain language of the act refers to the " . . . liability of any person", and gives the right to the board to claim reimbursement from " . . any sum or damages paid or payable . . . " without restriction. If such right to claim reimbursement from only third persons was intended,

it would have been a simple matter for Congress to say so. Secondly, even if *"third person"* were read into the act, it by no means follows that the defendant railroad company is not such a "third person" because the act itself deals principally with benefits to be paid by the board to the employee and the rights of the board to recoup its payments under certain circumstances. Thus, the *board* being one party, having rights and duties, and the *employee* being another party, having rights and duties, *"any person"* would properly be referred to as a "third person", even a railroad-employer, notwithstanding the fact that it also contributes to the fund out of which benefits are paid.

A more disturbing feature of the conflicting claims of the plaintiff-employee and the board is what appears to be the inequity of permitting the board to assert a lien for the full amount of the benefits paid or to be paid, without contributing to the attorney's fees and court costs incurred in obtaining a judgment or settlement for the employee against a person liable for injuries or damages sustained by the employee. However, a study of the act reveals that the result contemplated by the act is that the board shall ultimately respond in the benefits to the employee only to the extent that *damages* are not collected from an alleged tort-feasor. See U.S. v. Luquire, supra. These benefits are payable for sickness or other infirmity regardless of the liability of any person.

The employee cannot complain if the enforcement of the lien of the board takes the entire sum paid by such tort-feasor because by the acceptance of benefits of the act he also accepts the obligation to return the benefits paid under the circumstances of this case. Since the lien of the board and the lien of plaintiff's attorney of record can both be satisfied out of the recovery from defendant in this case, the court is not confronted with the question of the priority of the respective liens where the total exceeds the amount recovered. Since equitable principles are to be applied in enforcing the provisions of this act, and the equitable liens created thereby (see U.S. v. A.C.L., supra), such a situation should not result in the employee becoming indebted to the board because the lien of the board only extends to the *damages collected by the employee*, which would be the net recovery after satisfaction of his attorney's charging lien and costs for the reasonable value of the services rendered in the suit in which recovery is made. (See Chancey v. Bauer (C.C.A. 5), 97 Fed. 2d 293, cited with approval in Billingham v. Thiele, Fla. App., 107 So. 2d 238, at page 243). Federal courts have always recognized and enforced these liens.

8

Accordingly, it is ordered and adjudged that the claim of the plaintiff, William W. Seaward, filed March 2, 1960, to the sum of $683.40, paid into the registry of this court, should be, and the same is hereby, denied, and said sum shall be disbursed by the clerk of this court to the Railroad Retirement Board, in accordance with the prayer of the petition of the United States, filed February 29, 1960, upon application therefor by the United States Attorney for the Southern District of Florida, for the use and benefit of said Railroad Retirement Board.