This is an appeal from a summary judgment denying plaintiff-appellant attorney's fees.
The pertinent facts of this case are as follows:
Plaintiff-appellant, hereinafter referred to as Henley, was employed by a Mr. Lancaster to represent him in an effort to reinstate Social Security and Medicare disability benefits which had been terminated. During the time Mr. Lancaster's disability benefits were discontinued, Mr. Lancaster was hospitalized for treatment. The hospital bills incurred by Mr. Lancaster, approximately $18,000, were paid under the terms of a private insurance policy issued by Blue Cross, the defendant-appellee in the present case.
Thereafter, Henley was successful in having Mr. Lancaster's Social Security and Medicare disability benefits reinstated. As a result, Mr. Lancaster was awarded approximately $7,000 in past due Social Security benefits. The Social Security Administration awarded Henley $1,866.32 for representing Mr. Lancaster in the matter.
Henley then informed Blue Cross that Mr. Lancaster's disability benefits had been reinstated and that Medicare would reimburse Blue Cross for those hospital bills it had paid under the terms of Mr. Lancaster's private policy. Henley also requested Blue Cross pay him an attorney's fee for his efforts in making it possible to obtain the refund from Medicare. Blue Cross responded by saying that it had no obligation or liability to Henley for attorney's fees.
Henley then wrote a letter to the hospital and the hospital filed a claim with Medicare. Medicare paid the hospital and the hospital repaid Blue Cross.
Henley brought suit against Blue Cross to recover attorney's fees from Blue Cross on the theory that Blue Cross benefited from Henley's services and therefore Blue Cross was obligated to Henley. Relief sought by Henley was based on a "benefit to a common fund" or quasi-contract. Blue Cross filed a motion for summary judgment which was granted. Henley appeals.
It is Henley's contention on appeal that he is entitled to a fee based on the theory that "a Court, in the exercise of equitable jurisdiction, will, in its discretion, order an allowance of counsel's fee to a complainant who at his own expense has maintained a successful suit for the preservation, protection, or increase of a common fund, or of common property, or who has created at his own expense, or brought into Court, a fund in which others may share with him."
Although counsel for appellant has favored this court with an excellent brief, this court cannot agree that Henley is entitled to attorney's fees under a "common fund" theory. *Page 276 
Generally, the "common fund" doctrine is an equitable principle designed to compensate an attorney whose services on behalf of his client operated to create, discover, increase, preserve, or protect a fund to which others may also have a claim. 7A C.J.S., Attorney Client § 334.
The "common fund" doctrine has traditionally been applied to certain well defined, limited areas; most commonly, in cases for the protection of trusts, for the protection of a decedent's estate, actions where one creditor acted to the benefit of other creditors, and actions by stockholders for corporate waste and the recovery of corporate property. The doctrine has also been applied in insurance subrogation cases.See 49 A.L.R. 1149; 107 A.L.R. 749; 2 A.L.R.3d 1441; 20 Am.Jur.2d, Costs § 85.
As a general rule, the application of the "common fund" doctrine depends upon at least two requirements. There must be a "fund" from which to compensate the attorney, and the attorney's services must benefit that fund. 7A C.J.S., Attorney Client § 334 (b). In addition, the benefit rendered must be a direct benefit, either to the fund or the party to be charged with the fee. Lewis v. Railroad Retirement Board, 256 Ala. 430,54 So.2d 777 (1951), cert. denied, 343 U.S. 919, 72 S.Ct. 677,96 L.Ed. 1333 (1952).
In the instant case, appellant Henley cannot collect attorney's fees under the "common fund" doctrine because the benefit conferred upon Blue Cross (although a substantial benefit) was incidental to Henley's services to his client, Mr. Lancaster. Additionally, Henley fails to bring himself within the parameters of the "common fund" doctrine in that there is no "common" fund. Put another way, Henley's client has no "real" interest in the money refunded to Blue Cross.
Henley contends that the services that benefited Blue Cross consisted of two stages: first, Henley was successful in having his client's disability benefits reinstated, and second, Henley took direct action to obtain the reimbursement from Medicare.
Clearly, the first step was taken in behalf of Henley's client. Blue Cross had no interest in the proceedings and received no benefit. The refund to Blue Cross was not generated from this action. This merely set the stage, so to speak, to make it possible to obtain the refund. Even assuming that the refund was generated by this action, it would clearly be an incidental benefit in that the main objective of the action was to reinstate disability benefits, not to collect for past medical bills.
The services that benefited Blue Cross consisted of the efforts to obtain the refund from Medicare. This undoubtedly benefited Blue Cross. However, in appellant's own words, these efforts were undertaken "to establish the client's entitlement to new Medicare coverage and to recoup hospitalization payments for the insurer in order to protect the future major medicalbenefits of the client." (Emphasis added.) In other words, Henley apparently sought to obtain the refund to prevent exhausting his client's coverage under his private policy with Blue Cross and the trial court could have so found. The Supreme Court of Alabama has held that "the right to charge a fund with costs and expenses depends upon whether the costs and expenses were incurred in the promotion of the interest of those eventually found to be entitled to the fund." Lewis v. RailroadRetirement Board, supra, 256 Ala. at 435, 54 So.2d at 781. The fact that "representation incidentally resulted in a benefit" to others does not authorize charging them with attorney's fees. Lewis v. Wilkinson, 237 Ala. 197, 186 So. 150 (1939).
Additionally, there is the requirement that there must be a "common" interest in the fund. That is, the party seeking the fees and the party to be charged must both have some interest in the fund. Strong v. Taylor, 82 Ala. 213, 2 So. 760 (1887). A good example is where an insurance company is subrogated to the rights of the insured in collecting from a third person for damages or loss to property the subject of an insurance contract. See 2 A.L.R.3d 1441. The insurance company pays the *Page 277 
insured for the loss and then the insured collects from the tort-feasor an amount greater than the insurance payoff. The insurance company has subrogation rights to that portion of the amount collected from the tort-feasor covered by the insurance contract. The insurance company and the insured have a "common" interest in the fund.
In the present case, the money refunded belonged entirely to Blue Cross. Blue Cross did not acquire it through subrogation to the insured's rights in the money. Henley's client had no interest in the money. The primary benefit sought by Henley's client was the protection of future coverage under the Blue Cross policy. The refund of the money was necessary to accomplish that goal, and there is no denying that Blue Cross benefited substantially. However, Henley's client has no "interest" in the money itself. In fact, Henley was informed by Medicare that Mr. Lancaster could not file for the refund, that either Blue Cross or the hospital was the proper party to file. This is an indication that Mr. Lancaster had no interest in the fund.
Furthermore, it appears the trial court could well have found that no attorney's fees were allowed under the "common fund" theory since two other requirements were not met. First, the proceedings in the instant case were not apparently proceedings in equity, a prerequisite for recovery under the "common fund" theory. Shelby County Commission v. Smith, 372 So.2d 1092 (Ala. 1979); Lewis v. Railroad Retirement Board, supra. Second, the fund or property at issue was never brought within the control of the court, another requirement for recovery under the "common fund" theory. Lewis v. Railroad Retirement Board,supra; Strang v. Taylor, supra.
In any event, in view of the above, to wit, the facts and the prior decision of our supreme court, this court cannot find the trial court erred in concluding that the appellant was not entitled to an attorney's fee under the "common fund" doctrine.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.