This is an appeal from a judgment granting to plaintiffs an attorney's fee and a share of litigation expenses from the funds recovered from defendants and due Blue Cross-Blue Shield as plaintiffs' subrogee.
The plaintiffs Freeman were injured in an automobile collision with defendant Beard. Plaintiffs brought suit against Beard on April 16, 1982, claiming damages, including medical expenses, arising out of the collision. Previously, Blue Cross, as medical insurer of plaintiffs, had paid to them or on their behalf the sum of $1,550.20.
On April 19, 1982, a subrogation specialist employed by Blue Cross notified counsel for plaintiffs by letter that Blue Cross was subrogated to the right of recovery of plaintiffs in the amount of $1,550.20. The letter advised counsel that such sum should be remitted by his client to Blue Cross within one week after any settlement or judgment by plaintiffs. *Page 758 
On the same date, said specialist wrote State Farm Mutual Auto Insurance Company, the insurer of defendant Beard, of its subrogation rights and the amount due thereunder. Demand was made upon State Farm for payment in such amount before paying plaintiffs. State Farm responded to the letter on April 30, 1982, advising that plaintiffs had brought suit against its insured in Morgan County Circuit Court. Suggestion was made to Blue Cross that it become a party to that lawsuit or reach agreement with its insured (plaintiffs) to protect its interest.
On May 13, 1982, counsel for plaintiff responded by letter to the letter from Blue Cross. He recounted the demand by Blue Cross upon him to honor its subrogation rights from any settlement or judgment made of plaintiffs' claim. He observed that Blue Cross had apparently made a demand upon the defendant or his insurer for payment, because he had received a copy of a motion filed on May 10, by defendant to add Blue Cross as a party plaintiff. Counsel then stated that if such demand upon defendant had been made, he assumed that the notice to him for payment from any recovery was being abandoned and that Blue Cross was now going to pursue its subrogation interest directly against the defendant. He then suggested that Blue Cross file to intervene to assert its claim against defendant. He further said that plaintiffs would not interfere with or make any claim for benefits to which Blue Cross was entitled by way of subrogation. A copy of defendant's motion to add Blue Cross as a party plaintiff was enclosed in the letter.
In the interim between filing suit and the exchange of the letters, plaintiffs and defendant were proceeding with discovery, including extensive interrogatories with answers from each side, and medical depositions. Blue Cross thereafter moved to intervene and filed its complaint based upon its right of subrogation. It demanded judgment only against the recovery by plaintiffs up to the amount of the benefits it had paid to plaintiff Shirley B. Freeman. Subsequently, counsel for Blue Cross appeared in court for a status conference where possibility of settlement was discussed before the court. The parties indicated they were far apart on settlement discussion, and trial was set for April 11, 1983. Counsel for Blue Cross informed the court that a motion for summary judgment with supporting affidavit would soon be filed. It was so filed andconditional summary judgment was entered in favor of Blue Cross. The conditional judgment was not against the defendant, nor was it based upon a determination of liability of defendant nor upon the amount of damages plaintiffs were due to recover. The judgment was solely in favor of Blue Cross for the amount of $1,585.40 and against any funds recovered by plaintiffs from defendant. Blue Cross did not appear on the date set for trial. Its counsel previously informed other counsel and the court that in view of its previous judgment it would not appear at trial unless requested to do so.
On trial date, April 14, 1983, the matter was settled, after negotiations between original plaintiffs and defendant, for $13,000. Judgment in that amount was entered on April 29, 1983, in favor of plaintiffs. On April 27, plaintiffs filed a motion to assess against the judgment of Blue Cross a pro rata share of attorney fees and expenses incurred in the prosecution and recovery of the judgment against defendant.
The motion was heard by the court upon affidavit and argument, and judgment in the amount of $573.16 rendered in favor of plaintiffs' attorney on June 27, 1983. From that order Blue Cross has appealed.
The theory or principle upon which the court based its judgment is termed the "fund" or "common fund" doctrine. The principle is an equitable concept that one person who assumes the risks and expense of litigation and has thereby secured, augmented or preserved property or a fund of money in which others are entitled to share, is due a contribution toward such expense from those sharing according to their interest. Such pro rata contribution *Page 759 
may be a charge upon the fund so secured or preserved. King v.Smith, 247 Ala. 1, 22 So.2d 336 (1945). The common fund theory has been recognized as an equitable principle at common law by Alabama courts prior to enactment of § 34-3-60, Code of Alabama 1975 and its predecessors. Grimball v. Cruse, 70 Ala. 534
(1881). The principle has been discussed as recently as our cases of Henley Clarke v. Blue Cross-Blue Shield of Alabama,434 So.2d 274 (Ala.Civ.App. 1983) and Williams v. Williams,424 So.2d 638 (Ala.Civ.App. 1982).
We have not been cited to any Alabama case which has applied the "fund" principle to a recovery by an insured upon his suit for total damages, a part of which is due his insurer under right of subrogation. However, other states have done so. The basic case most often cited as authority in other jurisdictions is United Services Automobile Association v. Hills,172 Neb. 128, 109 N.W.2d 174 (1961), 2 A.L.R.3d 1922. The rule pronounced in Hills has been quoted in subsequent cases in Nebraska and in other jurisdictions as well. TravelersInsurance Co. v. Williams, 541 S.W.2d 587 (Tenn. 1976); StateFarm Mutual Insurance Co. v. Clinton, 518 P.2d 645 (Ore. 1974);Krause v. State Farm Mutual Insurance Co., 184 Neb. 588,169 N.W.2d 601 (1969); Lemmer v. Karp and Hartford Insurance Co.,56 Ill. App.3d 190, 13 Ill.Dec. 720, 371 N.E.2d 655 (1977).
The rule is that where the holder of the subrogation right does not come into the action, whether he refuses to do so or acquiesces in the plaintiffs' action, but accepts the avails of the litigation, he should be subjected to his proportionate share of the expenses thereof, including attorney's fees.Hills, supra. Put another way, an attorney, whose efforts result in recovery of funds in which various persons have an interest, is entitled to payment from such funds of a reasonable fee for his representation of the common interest. In the case of an insured's recovery of damages in which the insurer has an interest as subrogee after payment to the insured, an equitable right to such fee, aside from contract, may arise from the trust aspect of the subrogation provision in the policy. State Farm Mutual Insurance Co. v. Clinton, supra.
Blue Cross in brief recognizes the existence of the common fund doctrine. It contends it inapplicable in this case because of the intervention by its own counsel and the obtaining of a conditional judgment. Blue Cross submits that prevailing case law presents the proposition that intervening in the suit of one having an interest in the recovery precludes the common fund doctrine from application.
Upon its face the contention of Blue Cross appears correct. The cases cited by Blue Cross and previously mentioned herein do stand for the proposition that one who joins as a party in the suit, assists in the prosecution or contributes toward the expense of the recovery of the fund, is not chargeable with contribution to any other attorney fees or expenses. However, we opine that a mere appearance as an intervenor by an insurer for the purpose of securing a conditional judgment for its subrogation claim against the amount recovered by its insured does not aid or assist in the recovery of the common fund. Plaintiff submits such action may rather hinder recovery than aid or assist in it.
As has been previously shown, Blue Cross appeared after pleadings and principal discovery had been completed. It did not join as a subrogee of a part of plaintiffs' cause of action to aid plaintiffs in the prosecution of the suit. It appeared only to secure judgment against the insured for return of funds paid to its insured in the event the insureds were successful in their prosecution of the entire cause of action. It then retired from the field of battle, declining to assist or give aid at trial. The effect of the summary judgment against plaintiffs' recovery was to force the insured to represent the interest of Blue Cross at trial or in settlement after having told Blue Cross they would not do so. Thereafter, recovery of the fund, including the amount due Blue Cross, was obtained *Page 760 
solely through the effort of counsel for Blue Cross without the active or passive participation of Blue Cross.
It is the opinion of this court that the mere appearance or intervention in the case by counsel for Blue Cross solely for the purpose of reducing its claim for subrogation to a judgment or lien against the recovery of the plaintiff-insureds, does not satisfy the requirement of active participation or assistance in the prosecution in the case. The facts in the case are clear that Blue Cross did nothing to assist the recovery of the common fund from which it claimed $1,585.20. Rather than aid and assist plaintiffs, Blue Cross elected to collect its subrogation claim from the avails of the litigation and settlement secured solely by the efforts and expense of counsel for plaintiffs. Equity and justice require it to pay its proportionate share of attorney fees and expenses incurred by plaintiff. Hills, supra; Lemmer, supra.
We affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.