WRIGHT, Presiding Judge.
This appeal is from a judgment of the Circuit Court of Marion County, which granted attorney’s fee to the plaintiffs’ attorney from the funds recovered from defendant and due First National Bank of Hamilton. We affirm the judgment of the trial court.
On September 29, 1983, a fire destroyed a 1977 Mack tractor truck owned by the plaintiffs, Leonard and Lou Estes. This truck was purchased by the Esteses in 1982 and was paid for with funds borrowed from the First National Bank of Hamilton. To secure the loan Leonard Estes executed a promissory note and security agreement, which pledged the tractor and trailer as security for the repayment of the loan.
An insurance policy on the tractor and trailor was obtained by Leonard Estes from St. Paul Fire and Marine Insurance Company. The policy listed First National Bank of Hamilton as loss-payee. After the tractor truck was destroyed, the plaintiffs filed a claim with the insurance company. St. Paul refused to pay and the plaintiffs filed suit on November 17, 1983, in the Circuit Court of Marion County, Alabama. The Esteses’ complaint alleged that St. *1276 Paul breached its insurance contract when it refused to pay the cost of the tractor truck. The suit demanded a judgment against the insurance company for $25,000.
During this time, Leonard Estes defaulted in the payments due under the promissory note and security agreement with First National Bank of Hamilton. On February 7, 1985, the bank filed a motion to intervene in the case and thereafter filed a complaint of intervention. This complaint alleged that Leonard Estes had defaulted in the terms of the promissory note and claimed the principal of the note, plus interest and attorney fees. The bank then amended its complaint and claimed that the insurance company owed it the fair reasonable cash market value of the truck at the time of its destruction.
A jury trial was held on this matter on February 19, 1985. The jury returned a verdict in favor of the Esteses and against the insurance company for $26,541.71. The jury also returned a verdict in favor of First National Bank of Hamilton and against Leonard Estes for $32,155.17. St. Paul filed a motion for a new trial, which was denied by the trial court. The insurance company paid an agreed-upon sum to the Circuit Clerk of Marion County, Alabama.
After the trial Harry Green, the plaintiffs’ attorney, filed a claim for attorney fees for one-third of the amount paid by the insurance company to the circuit clerk. The trial court granted this claim and entered an order awarding Green attorney fees. First National Bank of Hamilton then filed a motion to set aside the award of attorney fees, which was denied by the trial court. The bank then filed this appeal.
The issue on appeal is whether the plaintiffs’ attorney is entitled to an attorney fee out of the jury award in favor of the Estes-es and against St. Paul Fire and Marine Insurance Company.
This court said in the case of First Federal Savings and Loan Association v. Haley, 377 So.2d 1082 (Ala.Civ.App.1979), that it was the rule that “the liability of the insurer becomes fixed as of the date of the loss and if the mortgage debt covered or exceeded the whole loss, the right of action on the policy was in the mortgagee.” Girard Fire & Marine Insurance Co. v. Gunn, 221 Ala. 654, 130 So. 180 (1930). The record indicates that the mortgage indebtedness exceeded the loss in this case. However, the fact that the right of action against the insurer in this case may have been in First National is of no avail at this stage of the case. Verdict and judgment have already been entered in favor of the Esteses without objection or appeal. There is evidence to indicate that First National not only acquiesced in the Esteses’ bringing the suit, it urged them to do so in their own name. Though intervening shortly before trial by filing a complaint against the Esteses upon its note, with further claim to the proceeds of the insurance policy, First National never sought to enforce a primary right as a party plaintiff. Neither has it sought to attack the judgment in favor of the Esteses. First National seeks the benefits of the Esteses’ suit without contributing to the cost of its prosecution.
We consider that counsel for the Esteses is entitled to recover from the proceeds of the judgment recovered under § 34-3-61(b), Code of Alabama 1975, or under the “common fund” doctrine. The “common fund” doctrine is an equitable principle of unjust enrichment. It “embraces a situation where a litigant has proceeded alone to create, protect or preserve a fund in which others are entitled to share.” Troy Bank and Trust Co. v. Brantley, 263 Ala. 428, 82 So.2d 618 (1955); Blue Cross and Blue Shield of Alabama v. Freeman, 447 So.2d 757 (Ala.Civ.App.1983); Williams v. Williams, 424 So.2d 638 (Ala.Civ.App.1982).
We applied the doctrine in Blue Cross, supra, in a case where an insured proceeded alone to collect a claim against a tort-feasor. Blue Cross, as subrogee under its policy of insurance, sought to intervene near trial time and recover from funds derived from the insured’s suit. This court held that mere intervention by Blue Cross, *1277 in order to claim from the insured’s recovery in his action against the tort-feasor, was not enough to avoid paying its share of attorney fees incurred by the insured.
The principle of equity applied in that case appears equally applicable in this case. We therefore affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.