**George H.B. MATHEWS and Philip H. Butler, Plaintiffs,**

v.

**BANKERS LIFE AND CASUALTY COMPANY, an Illinois corporation, Defendant.**

Civ. A. No. 87–H–852–N.

United States District Court, M.D. Alabama, N.D.

Aug. 4, 1988.

George H.B. Mathews, and Philip H. Butler, Montgomery, Ala., for plaintiffs.

Spain, Gillon, Tate, Grooms & Blan, Ollie L. Blan, Jr. and J. Mark Hart, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

Plaintiff attorneys represented James Godwin, a grievously injured party, in effecting a large settlement after a trial against a negligent driver. Defendant Bankers Life was the medical insurance

carrier for Godwin. As of the trial date, November 3, 1986, Bankers Life had paid a total of $114,776.50 toward the medical expenses of Godwin. Because Godwin was successful in his suit against the party causing his injuries, Bankers Life is entitled to recover the sum paid by it for Godwin's medical expenses "out of" the fund created through the efforts of Godwin's attorneys. Bankers Life is relieved also of the necessity of making any further payments for Godwin's medical expenses. Godwin was rendered a permanent cripple from the accident and will require extensive further medical treatment with large consequent future expenses.

The issue presented to this Court in this diversity action is whether Bankers Life is obligated to pay a reasonable attorney fee out of that part of the recovery created through the efforts of plaintiffs which is due defendant as reimbursement for monies advanced by defendant to Godwin.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (1982).

For the reasons stated hereinafter, the Court determines that plaintiffs are entitled to a reasonable fee from Bankers Life for creating a fund from which Bankers Life was due reimbursement.

### UNDISPUTED FACTS

Between the date of Godwin's injury on October 28, 1985 and the date his trial commenced, Bankers Life advanced the sum of $114,776.50 for his medical expenses pursuant to a policy provision which states, as follows:

#### Exceptions

This policy doesn't cover expenses for
...

(9) Charges payable (by judgment, settlement or in any other way) by any third party considered responsible for the sickness or injury causing the charge. This includes payments made by a third party's insurer. But we'll cover such charges if:

a. Payment by the third party (or insurer) hasn't been made; and

b. The family member (or, if incapable, his or her legal representative) agrees in writing to pay us back *out of any third party payments*, for charges we've paid. (Emphasis added)

At the time insured received advancements from defendant insurer, insured executed an "Acknowledgment" which stated, in pertinent part:

This document is executed to induce Bankers Life and Casualty Company to pay benefits under Policy No. 857,007,-589, Form No. 97N, for hospital and medical expenses incurred as a result of injuries sustained in the above accident.

In consideration of Bankers Life and Casualty Company paying benefits under Policy No. 857,007,589, Form No. 97N, and pursuant to that particular provision appearing on page 10, paragraph 9b of said policy, we, James E. Godwin and Mary G. Godwin, as co-guardians of the estate of James G. Godwin, hereby agree to pay Bankers Life and Casualty back *out of any third party payments* which James G. Godwin or we, as co-guardians, recover by judgment or settlement from any third party or any third party's insurer. (Emphasis added)

Defendant Bankers Life concedes that if its policy granted it the right to be subrogated to Godwin's claims against third parties that it would be obligated to pay plaintiffs a reasonable fee. However, Bankers Life insists that because the policy did not grant expressly subrogation rights to Godwin's claims, that Bankers Life does not have a duty to pay an attorney fee to plaintiffs for the reimbursement which it received because of the successful efforts of plaintiffs to effect a recovery. Bankers Life has brought an independent action to recover all monies it advanced to Godwin for medical expenses arising out of his accident.

On the other hand, plaintiffs contend that defendant insurer has the right to be subrogated to the extent of its reimbursement and, therefore, the insurer has a duty to pay a reasonable attorney fee for the benefit it received.

## DISCUSSION

This case presents an insurance policy which appears to have been drafted to avoid application of the "common fund" doctrine. The sole issue for this Court's consideration is whether an insurance policy which expressly grants insurer a right to be reimbursed out of any fund which insured recovers from third parties but does not expressly grant a right to subrogate to the insured's claim against third parties avoids application of the "common fund" doctrine even though the insurer is entitled to reimbursement out of the insured's recovery.

Because this is an action in diversity, predicated on a state claim, this Court applies Alabama substantive law to the resolution of this issue. Alabama law is silent, or at least ambiguous, as to the resolution of this issue. Accordingly, this Court must predict the legal rule Alabama courts would apply.

■ In Alabama, the "common fund" doctrine is one by which an attorney is entitled to a reasonable fee from each person who has benefitted from the attorney's services in creating a common fund which directly benefits such persons. *Kimbrough v. Dickinson*, 251 Ala. 677, 39 So. 2d 241 (1949); *First National Bank of Hamilton v. Estes*, 479 So.2d 1275 (Ala.Civ. App.1985); *Henley & Clarke v. Blue Cross–Blue Shield of Ala.*, 434 So.2d 274 (Ala.Civ.App.1983).

The rationale for allowing such an attorney fee appears to be as follows: (1) fairness to the successful litigant, who might otherwise receive no benefit because his recovery might be consumed by the expenses; (2) correlative prevention of an unfair advantage to the others who are entitled to share in the fund and who should bear their share of the burden of its recovery; and (3) encouragement to the attorney for the successful litigant who will be more willing to undertake and diligently prosecute proper litigation for the protection or recovery of the fund if he is assured that he will be fairly compensated should his efforts be successful. *See generally* 20 Am.Jur.2d Costs § 85 (1985); Annot., 2 A.L.R.3d 1441 (1984); 7A CJS, Attorneys & Clients § 334 (1980).

The Alabama Court of Civil Appeals has applied the "common fund" doctrine to insurance subrogation cases on at least two occasions. *Smith v. Alabama Medicaid Agency*, 461 So.2d 817 (Ala.Civ.App.1984); *Blue Cross–Blue Shield of Ala. v. Freeman*, 447 So.2d 757 (Ala.Civ.App.1983). *See also Henley & Clarke v. Blue Cross–Blue Shield of Ala.*, 434 So.2d 274, 276–77 (Ala.Civ.App.1983) ("A good example [for application of the common fund doctrine] is where an insurance company is subrogated to the rights of the insured in collecting from a third person for damages or loss to property [which is] the subject of an insurance contract.")

Defendant contends that the policy at issue is fundamentally different than the policies that were at issue in the Alabama insurance subrogation cases cited above. Defendant asserts that the "common fund" doctrine should not apply where the insurer does not have any right to subrogate *to the claims* of the insured against third party tortfeasors. Defendant contends that because it did not have the right to pursue or control in any way the insured's rights against third parties, it did not have an interest in the fund which was created. Therefore, defendant argues that the benefit it is entitled to receive from the recovery against the third party is merely an incidental benefit within the meaning of *Lewis v. Railroad Retirement Board*, 256 Ala. 430, 54 So.2d 777 (1951), *cert. denied* 343 U.S. 919, 72 S.Ct. 677, 96 L.Ed. 1333 (1952); *Henley & Clarke v. Blue Cross–Blue Shield of Ala.*, 434 So.2d 274 (Ala.Civ. App.1983); *Williams v. Williams*, 424 So. 2d 638 (Ala.Civ.App.1982).

The parties have not cited any authority from this state or from any other state which deals directly with the issue presented by this case.

■ Based upon this Court's understanding of Alabama cases, this Court believes that Alabama courts would hold that where an insurance policy requires an insurer to advance monies to insured for

covered expenses caused by an accident, contingent upon insured reimbursing insurer for all monies advanced from any recovery effected from third party tortfeasors, then insurer is obligated to pay for any reasonable costs incurred in creating the fund out of which insurer is due reimbursement from insured.

■ Under Alabama law, in order for the "common fund" doctrine to apply (1) there must be a "common fund" to compensate the attorney, (2) the attorney's services must benefit that "common fund," and (3) the party that seeks the fee and the party that is to be charged with the fee must have some interest in the "fund." *Smith v. Alabama Medicaid Agency*, 461 So.2d 817, 820 (Ala.Civ.App.1984); *Henley & Clarke v. Blue Cross–Blue Shield of Ala.*, 434 So.2d 274, 276 (Ala.Civ.App.1983).

The Court believes that the absence of a right of the insurer to participate in or control the insured's litigation against third parties is not fatal to application of the "common fund" doctrine. The right of reimbursement out of the fund recovered from the third party tortfeasors triggers application of the "common fund" doctrine. *See Smith v. Alabama Medicaid Agency*, 461 So.2d 817 (Ala.Civ.App.1984); *Blue Cross–Blue Shield of Ala. v. Freeman*, 447 So.2d 757 (Ala.Civ.App.1983). Put another way, it is the right to be subrogated to or reimbursed from the common recovery, rather than the right to be subrogated to the claim, which places an obligation on the insurer to pay a pro rata share of the costs expended in generating the benefits the insurer receives from the "common fund."

In this case, the insurer's right to be reimbursed out of any recovery against third parties created the insurer's interest in the recovery at issue. In addition, the insurer had the incidental benefit of not having to pay any future medical expenses. Of course, the insured also had an interest in obtaining the recovery from third party tortfeasors. Thus, the insured and the insurer had a common interest in obtaining the money settlement from third party tortfeasors.

Under the terms of the insurance policy at issue, defendant insurer was entitled to be reimbursed "out of" the settlement fund that insured recovered from third parties. This same fund provided insured compensation for his injuries. The settlement fund was a common fund.

Accordingly, under Alabama law, the "common fund" doctrine requires that the common beneficiaries of this fund, defendant insurer and insured, pay a proportionate share of the costs of creating this settlement fund.

Application of the "common fund" doctrine to the facts of this case is not particularly compelling since plaintiffs have recovered already a large attorney fee and the Godwins have obtained a recovery substantially in excess of five million dollars.

However, in holding the "common fund" doctrine applicable, this Court is mindful that a contrary rule would be manifestly unjust. A different set of facts illuminates the gross unfairness of the rule urged by defendant. Suppose an insured suffers one hundred thousand dollars in medical expenses because of an accident caused by third party tortfeasors. Assume also, insurer advances insured one hundred thousand dollars, reserving a contractual right of reimbursement out of any recovery from third parties. Assume further, as in this case, insured hires an attorney under a contingency fee contractual arrangement and sues third party tortfeasors and recovers one hundred thousand dollars. Under insurer's theory, the insured would have to reimburse insurer the amount of his recovery ($100,000) and insured would have to pay the attorney fee for creating a $100,000 recovery for the insurance company.

In a case such as the one at issue, the attorney bears the risk of no fee if his efforts at recovery fail, but where he effects a recovery it is only fair that the insurance company pay a reasonable attorney fee on its part of the recovery. How in the name of fairness can it be said that the injured insured should pay a fee not only on his recovery but also on the recovery of the insurance company?

This Court simply does not believe that such a rule is the law in Alabama or that the Supreme Court of Alabama would fashion such a rule.

The cases cited by defendant do not support its proposition that the absence of a right to subrogate to the claim of the insured renders the benefit it received from plaintiffs' efforts merely incidental.

In *Williams v. Williams*, 424 So.2d 638 (Ala.Civ.App.1982), the Alabama Court of Civil Appeals refused to require a wife to pay for a portion of the costs of an attorney hired by her husband to recover the proceeds of a fire insurance policy. The court's decision turned on the facts "that the wife was actively cooperating and working with the insurance adjuster in order to effect payment and that she had no knowledge of the employment of counsel concerning the insurance by her estranged husband." *Id.* at 640. The "common fund" doctrine does not require a person (insurer) to pay for the costs incurred by another person (insured) in creating a "common fund," if that person (insurer) has expended his own substantial costs to create the "common fund." *Blue Cross–Blue Shield of Ala. v. Freeman*, 447 So.2d 757 (Ala.Civ.App.1983). In this case, the insurer did not expend any efforts in creating the recovery from which it correctly claims a right of reimbursement.

Both *Henley and Clarke v. Blue Cross–Blue Shield of Ala.*, 434 So.2d 274 (Ala.Civ. App.1983) and *Lewis v. Railroad Retirement Board*, 256 Ala. 430, 54 So.2d 777 (1951), *cert. denied*, 343 U.S. 919, 72 S.Ct. 677, 96 L.Ed. 1333 (1952) can be distinguished from the instant case in that the clients in those cases, who were represented by attorneys seeking contribution, had no right to obtain the funds which were used to reimburse the insurance company or railroad retirement board. Thus, the courts found no "common fund" and held in those cases that the benefit conferred on the party from whom a contributory fee was sought was merely incidental.

In *Henley and Clarke*, 434 So.2d at 274, plaintiff insured's main objective in instituting an action against Medicare was to establish the client's entitlement to new Medicare coverage and to protect the future major medical benefits of the client. The disability claimant was not entitled to obtain reimbursement from Medicare for past medical expenses, only the insurer who paid the expenses was so entitled. Accordingly, unlike the case at hand, the attorney's client did not have an interest in or a claim to the fund the attorney recovered. In the absence of a contract, express or implied, between the insurance company and the attorney, the Alabama Court of Civil Appeals refused to make the insurance company pay a fee to an attorney whom the insurance company did not hire, even though the attorney's efforts bestowed substantial benefits on the insurance company.

In *Lewis v. Railroad Retirement Board*, 54 So.2d at 777, the Railroad Retirement Board (RRB) obtained a statutory lien against third party tortfeasors in an amount equal to all payments it made for the medical expenses arising from the railroad employee's injury. RRB obtained this lien before the railroad employee brought suit against the third party tortfeasors. First, the Alabama Supreme Court concluded that the RRB lien was prior to any lien for the value of an attorney's services in creating a judgment against thirty party tortfeasors. Second, the court held that the railroad employee had no interest in or claim to the RRB lien. Thus, the Alabama Supreme Court held that the "common fund" doctrine did not apply because the railroad employee did not have a common interest in or right to the lien fund. Consequently, the court found that the RRB had received an incidental benefit from the railroad employee's judgment against third party tortfeasors.

## CONCLUSION

This Court believes that under Alabama law the "common fund" doctrine requires that defendant insurer pay a proportionate share of the costs of creating the settlement fund from which defendant insurer is due reimbursement. The Circuit Court of Montgomery County, Alabama has deter-

mined that an attorney fee of thirty-eight percent for the two attorneys who created the fund is a reasonable fee in this case and Godwin has been required to pay thirty-eight percent as a reasonable fee for his part of the recovery. This Court does not disagree with the determination of the trial judge that a reasonable fee for the two attorneys is thirty-eight percent. The same fee should be imposed for the insurer as for the injured party.

This Court believes that defendant must pay plaintiffs $43,615.07 as the fee on its part of the recovery. The plaintiffs would also receive the interest that has been earned on said sum since the recovery was paid to the Clerk of the Circuit Court of Montgomery County. Of course, the insurer will also receive the interest earned on its part of said recovery.

A separate judgment will be entered in accordance with this memorandum opinion.

## JUDGMENT

In accordance with the attached memorandum opinion, it is the ORDER, JUDGMENT and DECREE of this Court that plaintiffs are entitled to have and recover from defendant the sum of $43,615.07, plus interest.

Said $43,615.07, plus interest, shall be paid to plaintiffs out of the $114,776.50 fund being held in escrow in the Circuit Court of Montgomery County, Alabama, pursuant to an order entered in *Godwin v. Montgomery Investment Ventures*, CA No. 86–269–G.

It is further ORDERED that court costs incurred in this proceeding are hereby taxed against defendant.