YATES, Judge.
This is an appeal from the denial of an award of an attorney fee in an insurance subrogation case.
On November 28, 1992, Dustin Alston, a minor, was injured in an automobile accident. His father, Dennis Alston, sued Linda Leath-erwood, the driver of the other vehicle involved in the accident, alleging that the accident was caused by Leatherwood’s negligence. Alston also named as a defendant in the lawsuit State Farm Mutual Automobile Insurance Company (“State Farm”), the insurer that had issued his policies providing for uninsured/underinsured motorist coverage. Alston alleged that, at the time of the *1315 collision, Leatherwood was an underinsured motorist.
Leatherwood’s insurer, Allstate Insurance Company (“Allstate”), offered to settle the claim for its policy limit of $20,000. State Farm advanced Alston $20,000 and executed an “Advancement of Funds to Protect Future Subrogation Rights” agreement.
The case was tried before a jury on October 17, 1994; the jury returned a $26,574 verdict in favor of Alston. State Farm then paid $6,574 into the court, which was paid to Alston in satisfaction of the judgment. On November 7, 1994, Alston filed a motion requesting the court to require State Farm to pay his attorney fee; the trial court denied the motion. Alston appeals, arguing that he was entitled to recover a reasonable attorney fee from State Farm.
We recognize that “[ajttorney fees awarded at trial are clearly within the sound discretion of the trial court.” Bannister v. Eubanks, 575 So.2d 563, 567 (Ala.1991). In addition, “Attorney fees are recoverable only when ‘authorized by statute, when provided in a contract, or by special equity, such as in a proceeding where the efforts of an attorney create a fund out of which fees may be paid.’ ” Mitchell v. Huntsville Hospital, 598 So.2d 1358, 1360 (Ala.1992) (citations omitted). Here, because there is neither a statutory authorization for the court to award an attorney fee nor a contract between Alston’s attorney and State Farm, the only basis for an exception to the general rule is the “special equity” exception.
Under the “special equity” exception, fees, which would otherwise be unrecoverable, are recoverable on the “theory that the attorney’s efforts had created a ‘common fund.’ ” Id. at 1361. In Henley & Clarke v. Blue Cross-Blue Shield of Alabama, 434 So.2d 274, 276 (Ala.Civ.App.1983), this court explained the requirements for applying the “common fund” doctrine:
“As a general rule, the application of the ‘common fund’ doctrine depends upon at least two requirements. There must be a ‘fund’ from which to compensate the attorney, and the attorney’s services must benefit that fund. In addition, the benefit rendered must be a direct benefit, either to the fund or the party to be charged with the fee.”
(Citations omitted.) Alston argues that the $20,000 advanced to him by State Farm to preserve its subrogation rights constitutes the “fund”; that the efforts of his attorney in litigating the case led to State Farm’s recovery of this fund; and that, therefore, State Farm should be required to pay his attorney fee because State Farm directly benefitted from his attorney’s representation.
The common fund doctrine is “an equitable concept that one person who assumes the risks and expense of litigation and has thereby secured, augmented or preserved property or a fund of money in which others are entitled to share, is due a contribution toward such expense from those sharing according to their interest.” Blue Cross & Blue Shield of Alabama v. Freeman, 447 So.2d 757, 758 (Ala.Civ.App.1983). This court established the application of the common fund doctrine in subrogation cases:
“The rule is that where the holder of the subrogation right does not come into the action, whether he refuses to do so or acquiesces in the plaintiffs’ action, but accepts the avails of the litigation, he should be subjected to his proportionate share of the expenses thereof, including attorney’s fees. Put another way, an attorney, whose efforts result in recovery of funds in which various persons have an interest, is entitled to payment from such funds of a reasonable fee for his representation of the common interest. In the case of an insured’s recovery of damages in which the insurer has an interest as subrogee after payment to the insured, an equitable right to such fee, aside from contract, may arise from the trust aspect of the subrogation provision in the policy.”
Id. at 759 (emphasis added). “The ‘common fund’ doctrine does not require a person (insurer) to pay for the costs incurred by another person (insured) in creating a ‘common fund,’ if that person (insurer) has expended his own substantial costs to create the ‘common fund.’ ” Mathews v. Bankers Life & Casualty Co., 690 F.Supp. 984, 988 (M.D.Ala.1988) (citing Blue Cross, supra).
*1316 The dispositive issue is whether State Farm actively participated in the litigation. “[A] mere appearance as an intervenor by an insurer for the purpose of securing a conditional judgment for its subrogation claim against the amount recovered by its insured does not aid or assist in the recovery of the common fund.” Blue Cross, supra, at 759.
State Farm admits on appeal that the judgment created a common fund in which both parties had an interest and that the benefits bestowed upon it from the fund were not merely incidental. But, it argues that its participation in the case, “above and beyond its protection of subrogation interests,” precludes the application of the common fund doctrine. State Farm filed its discovery requests after Alston had signed the subrogation agreement; there is no evidence to indicate that State Farm participated in the trial.
“[I]t is the right to be subrogated to or reimbursed from the common recovery, rather than the right to be subrogated to the claim, which places an obligation on the insurer to pay a pro rata share of the costs expended in generating the benefits the insurer receives from the ‘common fund.’” Mathews, at 987. We conclude that State Farm did not expend a substantial cost of the litigation. Although State Farm participated in pre-trial discovery, the record does not contain evidence that State Farm continued to participate in the cost of litigation until the jury returned its verdict. Rather, State Farm relied on Alston’s attorney to generate the benefits that it received from the common fund. Therefore, State Farm is obligated to pay its pro rata share of the cost of litigation. Accordingly, the judgment of the trial court is reversed and the ease is remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, MONROE and CRAWLEY, JJ., concur.